**In re Marion SEIDLER, Debtor.**

**Thomas RUSSO, Dorothy Russo,
Plaintiffs–Appellants,**

v.

**Marion SEIDLER, Defendant–Appellee.**

No. 93–4950.

United States Court of Appeals,
Eleventh Circuit.

Feb. 13, 1995.

Arthur S. Weitzner, Weitzner & Co., P.A., Miami, FL, for appellants.

Robert C. Meyer, Coral Gables, FL, for appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and HOEVELER *, Senior Circuit Judge.

BIRCH, Circuit Judge:

The question presented in this case is whether an appeal from a bankruptcy court's order in an adversary proceeding removing purchase-money mortgage holders' lien is moot because the mortgage holders failed to obtain a stay pending appeal and the court confirmed the debtor's debt adjustment plan. The district court held that the appeal was moot. We REVERSE and REMAND for consideration of the case on its merits.

## I. BACKGROUND

Plaintiff-appellee Marion Seidler filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq.*[1] ("Chapter 13") in 1992. Defendants-appellants Thomas and Dorothy Russo (the "Russos") filed a claim for amounts Seidler allegedly owed the Russos on a purchase-money mortgage on a home in Brooklyn, New York. Seidler filed a declaratory judgment action, an adversary proceeding under the Bankruptcy Code, against the Russos in bankruptcy court challenging the validity of the lien asserted by the Russos. Seidler contended that the lien was satisfied by cash payment in 1989, although no satisfaction of the mortgage was filed in the New York real estate records. The Russos argued that the payment to which Seidler referred was actually a down payment made in 1986 on the purchase of the house.

The bankruptcy court found that Seidler had satisfied the mortgage in 1989. Thus, the court ordered that Seidler record the

---

* Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. Hereinafter, all section numbers refer to sections of Title 11 of the Bankruptcy Code unless indicated otherwise.

order in the Public Records of the Office of City Register, Kings County, New York to remove the lien. The Russos moved for relief from judgment; amendment of final judgment; a stay of proceedings pending posttrial motions; and a new trial based on various contentions, including discovery of new evidence and improper admittance of evidence at trial. After a hearing, the bankruptcy court rejected all of these bases for relief.

The Russos appealed the bankruptcy court's decision and its denial of posttrial relief. The district court entered an order granting conditional stay of confirmation of Seidler's debt adjustment plan, a plan which did not list the Russos as creditors (the "Plan"), subject to the Russos' posting a $50,000 bond. The Russos, however, failed to post the bond and the stay never arose. Subsequently, the bankruptcy court confirmed Seidler's Plan.

Pursuant to section 1330, the Russos attempted to revoke the Plan by filing an adversary proceeding in bankruptcy court.[2] The bankruptcy court dismissed the action without prejudice. The court ordered that, if the Russos succeeded on their appeal to the district court, then they could file a new adversary proceeding which would be deemed to relate back to the original date of filing to meet the 180–day filing deadline set by section 1330(a). *See In re Jones,* 134 B.R. 274, 278 (N.D.Ill.1991) (barring IRS from using section 1330(a) as a statutory exception to the *res judicata* effect of section 1327(a) where IRS failed to meet the 180–day filing deadline).

Seidler filed a motion to dismiss the appeal as moot in the district court. The court granted Seidler's motion. The Russos appeal.

## II. DISCUSSION

 A district court's decision that a question is moot is subject to plenary review on appeal. *United States v. Florida Azalea Specialists,* 19 F.3d 620, 621 (11th Cir.1994). Guiding our mootness inquiry in bankruptcy cases is *In re Club Assocs.,* 956 F.2d 1065 (11th Cir.1992) (Chapter 11 bankruptcy reorganization). In that case we said:

> Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief . . .
>
> The test for mootness reflects a court's concern for striking the proper balance between the equitable considerations of finality and good faith reliance on a judgment and the competing interests that underlie the right of a party to seek review of a bankruptcy court order adversely affecting him.

*Id.* at 1069 (citation, footnote omitted). Therefore, in reviewing the district court's decision, we consider whether effective judicial relief is available to the Russos should they prevail on the merits.[3]

 Dismissing the appeal, the district court concluded: "The confirmation was

---

**2.** Section 1330 allows confirmation of a debt adjustment plan to be revoked if fraud played a role in the plan confirmation. It states in part: "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation . . . the court may revoke such order if such order was procured by fraud." § 1330(a); *see also In re Woods,* 130 B.R. 204, 206 (W.D.Va.1990) ("[R]evocation of the order pursuant to section 1330 of the Code . . . requires a showing of fraud in the procurement of the order.").

**3.** *In re Club Assocs.,* 956 F.2d at 1065 n. 11, sets forth the "subsidiary questions" that form "the backdrop [against which a court must] evaluate the ultimate issue of whether a confirmation plan has progressed to the point where effective judicial relief is no longer a viable option":

> Has a stay pending appeal been obtained? If not, then why not? Has the plan been substan-

tially consummated? If so, what kind of transactions have been consummated? What type of relief does the appellant seek on appeal? What effect would granting relief have on the interests of third parties not before the court? And, would relief effect the re-emergence of the debtor as a revitalized entity?

*Id.* Seidler suggests that the plan has been substantially consummated and, therefore, is incapable of being undone. "Substantial consummation" is a Chapter 11 concept, *see* § 1101(2), which is inapplicable to this case, *see* § 103(f). Moreover, as we stated in *In re Club Assocs.,* "[e]ven if substantial consummation has occurred, a court must still consider *all the circumstances of the case* to decide whether it can grant effective relief." *In re Club Assocs.,* 956 F.2d at 1069 (emphasis added).

heard and a Confirmation Order was entered, and said Confirmation Order has not been appealed. Since a stay was not obtained and the plan of reorganization was confirmed ... this appeal is now moot pursuant to 11 U.S.C. § 1327."[4] R1–20–2. Thus, the district court's decision appears to be premised on the assumption that section 1327 renders a potential creditor's appeal from an adversary proceeding moot for failure to obtain a stay of the plan confirmation.[5]

■ Failure to obtain a stay of proceedings related to the bankruptcy does not automatically render an appeal moot. *See In re Club Assocs.*, 956 F.2d at 1070 n. 13 (Chapter 11 case); *In re Crystal Oil Co.*, 854 F.2d 79, 82 (5th Cir.1988) (declining to hold in the context of a Chapter 11 case that a "stay of a bankruptcy court's action is a *per se* requirement for relief on appeal"); *In re AOV Indus., Inc.*, 792 F.2d 1140, 1147 (D.C.Cir.1986) (Chapter 11 case). " 'Although as a general rule a party need not seek a stay of a lower court's judgment in order to protect its right to appeal, the "consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final...." ' " *In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d 1294, 1295 (11th Cir.

1984) (Chapter 11 case) (quoting *American Grain Ass'n v. Lee–Vac, Ltd.*, 630 F.2d 245, 247 (5th Cir. Unit A 1980)).

■ When the Russos failed to secure a stay, the bankruptcy court proceeded with confirmation of the Plan. The effect of plan confirmation is controlled by section 1327, which may

> provide a res judicata effect to the terms of a confirmed plan. This effect, however, is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing. Issues that were not mature for decision and could not be appropriately resolved in either the confirmation hearing or in the order confirming the plan are not barred.

*In re Linkous*, 141 B.R. 890, 898 (W.D.Va. 1992), *aff'd*, 990 F.2d 160 (4th Cir.1993) (citation omitted). While section 1327(a) may have a *res judicata* effect as to certain issues which were or should have been addressed in the confirmation process, we have found no authority indicating that section 1327 is capable of mooting an appeal of issues not decided within the confirmation order.[6] *See Unit-*

---

4. Section 1327 provides:

> Effect of confirmation
> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor *provided for by the plan.*

(emphasis added).

5. The district court also cites *In re Lashley*, 825 F.2d 362 (11th Cir.1987) (per curiam), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988), and *In re Matos*, 790 F.2d 864 (11th Cir.1986) to support its proposition that this appeal is moot. The appeal would be moot if, in the absence of a stay, the property in which the Russos claim an interest was transferred to a good faith purchaser. *In re Matos*, 790 F.2d at 865. *But see In re Berg*, 45 B.R. 899, 901–02 (9th Cir. BAP 1984) (holding that appeal from a bank-

ruptcy court order quieting title in trustee was not moot although trustee sold property pending appeal because party could seek money damages from trustee in lieu of title to the property). Because there is no evidence in this record that the property has been transferred to a good faith purchaser or that Seidler has recorded the order discharging the lien in the New York real estate records, this appeal cannot be moot on that basis.

6. A federal court, in *In re Appletree Mkts., Inc.*, 155 B.R. 431, 436–37 (S.D.Tex.1993), held that

> the [creditor] had no need to contest the propriety of that order during the plan confirmation process. The bankruptcy court had recently and thoroughly considered the issue, and there is no indication that raising the issue again during the plan confirmation process would cause the bankruptcy court to change its mind.

*Id.* (reviewing Chapter 11 case in which creditors appealed bankruptcy court order rejecting collective bargaining agreements but did not challenge confirmed plan). The court further found that, once the order was appealed, the bankruptcy court lacked jurisdiction to address those specific issues in the confirmation hearing or order. *Id.*

ed States v. Parmele, 171 B.R. 895, 902 (N.D.Okl.1994) (finding Chapter 13 plan confirmation did not moot appeal of an earlier bankruptcy court order where creditor filed the appeal of the order prior to confirmation but did not appeal confirmation order itself); cf. In re AOV Indus., Inc., 792 F.2d at 1149 (finding in a Chapter 11 reorganization that "as long as the Plan controls the future actions of the [trustee], it is impossible to conclude that no effective relief is available to [the creditor]"); In re Combined Metals Reduction Co., 557 F.2d 179, 194–95 (9th Cir. 1977) (holding that creditor's appeal of a Chapter 11 plan confirmation was not mooted by order of confirmation because a finding of error "could have some effect on the proceedings below" and because "the plan still control[led] the actions of the trustee").

■ Presented with an issue of validity and extent of a possible creditor's interest in property held by a Chapter 13 debtor, a bankruptcy court has held that

> [t]o allow confirmation to bar [a possible creditor] from completing litigation on its outstanding claim would circumvent and nullify the protections and procedures offered and required in an adversary proceeding to determine interests in property.... Confirmation cannot circumvent procedures to determine rights where an adversary proceeding is required by the Federal Rules of Bankruptcy Procedure.

In re Goldberg, 158 B.R. 188, 193 (Bankr. E.D.Cal.1993) (footnote omitted) (adversary proceeding pending at time of confirmation), aff'd, 168 B.R. 382 (9th Cir. BAP 1994). Consideration of the circumstances presented in this case shows that confirmation of the Plan did not moot the Russos' appeal from the adversary proceeding determining validity of the lien.[7] While the Plan has been confirmed and the trustee has made payments under the Plan out of Seidler's postpetition income, if the Russos are successful on the merits of their case, then they will be able to enforce their lien against the Brooklyn property, since it has not been transferred and the order discharging the lien has not been recorded. In addition, the Russos may file an adversary proceeding attempting to revoke the Plan for fraud. Because relief is still available to appellants, this appeal continues to be justiciable.

### III. CONCLUSION

The Russos challenge the district court's holding that their appeal from the bankruptcy court's order adjudging them non-creditors was moot under section 1327 of the Bankruptcy Code. We conclude that, because effective judicial relief remains available to appellants, their appeal is not moot. Accordingly, we REVERSE the district court's decision and REMAND this case for consideration on the merits.

---

at 437; see also In re Davis, 160 B.R. 577, 580–81 (Bankr.E.D.Tenn.1993) ("This court did not have jurisdiction to enter an order the effect of which would be to divest the appellate court from rendering a decision on the merits of the pending appeal.").

7. Seidler also contends that the property has vested free and clear in the debtor by operation of sections 1327(b) and (c); thus, the appeal is moot. Section 1327(c) states that the property vests free and clear in the debtor if the plan provides for the creditor. See In re Thomas, 883 F.2d 991, 998 (11th Cir.1989). Seidler's Plan does not provide for the Russos; thus, section 1327(c) does not moot the Russos' appeal.