**In re Lou DEMARCO, Jr., Debtor.**

**No. 97–14132–8G3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 5, 2000.

Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Debtor.

Karen Davis Miller, and Maggie O'Shaughnessy, Trial Attorneys, Tax Division, U.S. Department of Justice, Washington, D.C., for Claimant, United States of America.

Charles R. Wilson, United States Attorney, and Patricia A. Willing, Assistant United States Attorney, Tampa, for Claimant, United States of America.

## ORDER ON CONFIRMATION OF AMENDED CHAPTER 13 PLAN AND OBJECTION TO CONFIRMATION

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider confirmation of the Amended Chapter 13 Plan of the Debtor, Lou Demarco, Jr., and also to consider the Objection to Confirmation of Debtor's Amended Chapter 13 Plan filed by the United States of America, on behalf of the Internal Revenue Service.

In its Supplemental Brief on Confirmation, the Internal Revenue Service (IRS) contends that "it is the position of the Government that because the Debtor's Amended Chapter 13 Plan forces this Court to address issues that are on appeal to the district court and thus to interfere with the Government's position during the pendency [of the] appeal, this Court lacks jurisdiction to confirm the Debtor's Amended Chapter 13 Plan."

### Background

The Debtor filed a petition under chapter 13 of the Bankruptcy Code on August 27, 1997.

The IRS subsequently filed a proof of claim in the Debtor's Chapter 13 case in the total amount of $215,323.19 (Claim No. 7). Of the total amount of the claim, the sum of $186,568.13 was filed as a secured claim. Of the secured portion of the claim, the sum of $170,855.19 was based on "responsible person" liability under § 6672 of the Internal Revenue Code.

The Debtor filed a written Objection to the Claim of the Internal Revenue Service. Specifically, the Debtor objected "to any and all portions of such claim which relate to his alleged liability as a 'responsible person' for the reasons set forth in the Debtor's Motion to Determine Tax Liability dated October 14, 1997." The Debtor previously had filed a Motion to Determine Tax Liability in which he contended that he was not a "responsible person," and had not willfully failed to collect, account for, or pay over any federal employment taxes.

A final evidentiary hearing was conducted on the Motion to Determine Tax Liability. Following the final hearing, an Order was entered on the Motion in which the Court found that the Debtor had no liability under § 6672. The Court also entered an Order on Debtor's Objection to Claim of Internal Revenue Service. That Order provided that the Debtor "has no liability pursuant to § 6672 of the Internal Revenue Code for the employees' share of the federal income and social security taxes withheld in connection with the corporation known as Tri–D, Inc. for the period commencing with the first quarter of 1993 and ending with the third quarter of 1994."

The Court disallowed Claim No. 7 to the extent that it was based on the civil penalty assessed against the Debtor under § 6672.

On January 19, 1999, the IRS filed a Notice of Appeal of the Order on Debtor's Objection to Claim of Internal Revenue Service. On January 28, 1999, the IRS filed its Designation of Record and Statement of Issues on Appeal. The IRS stated that the issue on appeal is "whether the Bankruptcy Court erred in failing to find that the Debtor was a responsible person as a matter of law."

On February 5, 1999, the Debtor filed his Amended Chapter 13 Plan. On page 2, under the caption "Secured Claims," the Amended Plan provides:

> The tax lien creditor shall receive no distribution on its invalid claim and lien for civil penalty/responsible personal [sic] taxes as the Bankruptcy Court has disallowed such claim. This creditor shall immediately file a release of such lien.

The Amended Plan provides for payment of the priority portion of the IRS's claim in full.

The IRS objected to confirmation of the Amended Plan on the grounds that (1) the plan does not provide for payment of the IRS's secured claim, and (2) the IRS's "lien for the civil penalty for the period ended September 30, 1994, is not legally unenforceable as the Order on Debtor's Objection to Claim of Internal Revenue Service dated January 6, 1999, is being appealed to the District Court."

In its Supplemental Brief on Confirmation, the IRS contends that the Notice of Appeal divested the Bankruptcy Court of jurisdiction to consider confirmation of the Amended Plan because an order confirming the Plan would have an "impact directly or indirectly on the appeal." *In re Urban Development Ltd., Inc.*, 42 B.R. 741 (Bankr.M.D.Fla.1984). The Amended Plan provides that the IRS will not receive any distribution on its "invalid claim." According to the IRS, however, the validity of the IRS claim is the precise issue on appeal. The IRS contends, therefore, that confirmation of the Plan would necessarily involve an adjudication of the claim, and that the Bankruptcy Court was divested of jurisdiction over the validity of the claim by virtue of the appeal.

In response, the Debtor asserts that the filing of a notice of appeal divests the Bankruptcy Court only of "those aspects of the case involved in the appeal." *In re Davis*, 160 B.R. 577 (Bankr.E.D.Tenn. 1993). The Debtor contends that an objection to a claim does not involve the same "aspects of the case" as confirmation of a plan, but is instead a separate and distinct contested matter. The Debtor argues, for example, that an objection to a claim may be filed before confirmation, may be pending at the time of confirmation, or may even be filed after confirmation. Additionally, the Debtor asserts that confirmation of the Amended Plan would simply represent the enforcement of the Court's Order disallowing the civil penalty portion of the claim, and that enforcement of the Order has not been stayed by either the District Court or the Bankruptcy Court. Consequently, the Debtor concludes that the IRS's appeal of the order disallowing its claim "does not preclude this Court from entering an order confirming the Debtor's plan."

### Discussion

■ The basic question centers on whether the Court should consider confirmation of the Debtor's Amended Chapter 13 Plan, in view of the appeal of the Order disallowing the IRS's secured claim that is pending in the United States District Court.

The parties appear to agree that the Court does not have jurisdiction to consider matters which would interfere with the appeal and the jurisdiction of the appellate court, but that the Court does have jurisdiction over, and should proceed with, other aspects of the case. The IRS cites *In*

*re Urban Development Ltd., Inc.,* 42 B.R. 741, 744 (Bankr.M.D.Fla.1984):

> In order to assure that the integrity of the appeal process is preserved, it is imperative that once the appeal is lodged, the lower court should not take any action which in any way would interfere with the appeal process and with the jurisdiction of the appeal court. The application of these basic and seemingly simple principles in the context of an ordinary civil litigation, with precise well defined issues, is not difficult. This is not the case, however, in the context of a bankruptcy case with myriad issues, many totally unrelated and unconnected with the issues involved in any given appeal taken by a litigant in the course of the administration of a case.

The Debtor cites *In re Strawberry Square Associates,* 152 B.R. 699, 702 (Bankr. E.D.N.Y.1993):

> An appeal does not, however, deprive the Bankruptcy Court of jurisdiction over other aspects of the case. Doing so would freeze the case at the procedural posture reached when the appeal was filed, and would inure unjustly to the benefit of any party whose interests were furthered by delay.

However, the court in *In re Strawberry Square Associates,* also stated at 701:

> Nor may the bankruptcy court exercise jurisdiction over those issues which, although not themselves on appeal, nevertheless so impact those on appeal as to effectively circumvent the appeal process. (Citation omitted).

Accordingly, the Court should consider confirmation of the Debtor's Chapter 13 plan, if confirmation will not interfere with the appeal. The decision of the Eleventh Circuit Court of Appeals in *In re Seidler,* 44 F.3d 945 (11th Cir.1995) is helpful in assessing this issue.

## A. *Seidler*

In *Seidler,* a Chapter 13 debtor had filed an adversary proceeding challenging the validity of a lien asserted by the claimants, and the Bankruptcy Court entered an order directing the removal of the lien. The claimants appealed the order. While the appeal was pending, the Bankruptcy Court confirmed the debtor's Chapter 13 plan. The plan did not list the claimants as creditors or provide for their claim. The debtor thereafter filed a motion to dismiss the claimant's appeal as moot, and the District Court granted the motion. The claimants appealed. The Eleventh Circuit Court of Appeals stated that the issue was "whether an appeal from a bankruptcy court's order in an adversary proceeding removing purchase-money mortgage holders' lien is moot because ... the court confirmed the debtor's debt adjustment plan." *In re Seidler,* 44 F.3d at 946–47.

In determining whether the appeal was moot, the Eleventh Circuit focused on whether effective judicial relief would be available to the claimants if they prevailed on the merits of their appeal, notwithstanding the entry of the order confirming the debtor's Chapter 13 plan. "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." *Id.* at 947(quoting *In re Club Assocs.,* 956 F.2d 1065, 1069 (11th Cir.1992)).

In its analysis, the Court considered § 1327 of the Bankruptcy Code, entitled "effect of confirmation," which provides in subsection (a) that the provisions of a confirmed plan bind the debtor and each creditor. The Court also considered § 1327(b) and § 1327(c), which provide that the confirmation of a plan vests property in the debtor free and clear of any claim or interest of any creditor provided for by the plan. *In re Seidler,* 44 F.3d at 948–49.

The Eleventh Circuit concluded that the claimants' appeal was not moot because effective judicial relief remained available to them after the order confirming the chapter 13 plan was entered. *Id.* at 949. Consideration of the circumstances presented in this case shows that confirmation of the Plan did not moot the Russos'

appeal from the adversary proceeding determining validity of the lien. While the Plan has been confirmed and the trustee has made payments under the Plan out of Seidler's post-petition income, if the Russos are successful on the merits of their case, then they will be able to enforce their lien against the Brooklyn property, since it has not been transferred and the order discharging the lien has not been recorded. In addition, the Russos may file an adversary proceeding attempting to revoke the plan for fraud. Because relief is still available to appellants, this appeal continues to be justiciable.

*Id.* at 949. The Eleventh Circuit did not consider the issues on appeal to have been decided by the confirmation order. *Id.* at 948.

The procedural posture in *Seidler,* of course, is different from the procedural posture in the case under consideration. In *Seidler,* the District Court had been faced with a motion to dismiss an appeal as moot after a confirmation order had been entered. In this case, the claimant (the IRS) has intervened before confirmation of the Debtor's Chapter 13 plan in an effort to avoid the contention that its appeal has been rendered moot by the entry of an order of confirmation. Despite the procedural difference between the two cases, the Court finds that the principles addressed in *Seidler* apply equally to this case.

As applied to the unique facts of this case, however, the principles set forth in *Seidler* compel the conclusion that confirmation of the Debtor's plan would preclude any effective judicial relief for the IRS in the event that it prevails on its appeal. This result is necessary because of a critical factual difference between the two cases. Specifically, in *Seidler,* the debtor's Chapter 13 plan did not list the claimants as creditors or provide for their claim, whereas in the case at issue, the Debtor's Plan expressly identifies the "tax lien creditor" and provides that the IRS shall re-

ceive no distribution on its "invalid" lien for responsible person taxes. Additionally, the Plan specifically provides that the IRS shall immediately file a release of its lien.

## B. Section 1327

■ The significance of this provision in the Debtor's Amended Chapter 13 Plan is readily apparent when viewed in the context of § 1327 of the Bankruptcy Code. As suggested above, § 1327 provides:

**11 U.S.C. § 1327. Effect of confirmation**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

In accordance with § 1327, an order confirming a Chapter 13 plan "generally is treated as res judicata." *In re Davis,* 160 B.R. 577, 579 (Bankr.E.D.Tenn.1993).

### 1. § 1327(a)

■ The binding effect of a confirmed Chapter 13 plan pursuant to subsection (a) of § 1327 is well-established. "Upon confirmation, a plan becomes binding on the debtor and all creditors treated therein." *In re Verdunn,* 210 B.R. 621, 625 (Bankr. M.D.Fla.1997). The rule has been specifically applied to determinations with respect to secured claims. After quoting § 1327(a), for example, the Bankruptcy Court in *In re Meeks,* 237 B.R. 856, 858–59 (Bankr.M.D.Fla.1999) stated:

Accordingly, a confirmed plan is res judicata as to any issues resolved or subject to resolution at the confirmation hearing. Among these issues is the amount of a secured claim. Under § 1325(a)(5)(B)(ii), a Chapter 13 plan must pay the full value of any allowed secured claim. 11 U.S.C. § 1325(a)(5)(B)(ii) (1998). Accordingly, *the value of a secured claim is fixed as of the effective date of the plan.* (Emphasis supplied). In *Seidler*, the Eleventh Circuit Court of Appeals recognized the rule:

The effect of plan confirmation is controlled by section 1327, which may provide a res judicata effect to the terms of a confirmed plan. This effect, however, is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing. Issues that were not mature for decision and could not be appropriately resolved in either the confirmation hearing or in the order confirming the plan are not barred. *In re Linkous*, 141 B.R. 890, 898 (W.D.Va. 1992), aff'd, 990 F.2d 160 (4th Cir.1993) (citation omitted). While section 1327(a) may have a res judicata effect as to certain issues which were or should have been addressed in the confirmation process, we have found no authority indicating that section 1327 is capable of mooting an appeal of issues not decided within the confirmation order.

*In re Seidler,* 44 F.3d at 948.

In this case, the Debtor's Amended Chapter 13 Plan expressly provides that the IRS will receive no distribution on its "invalid" secured claim, and that the IRS "shall immediately file a release of such lien." The IRS filed a written Objection to the Amended Plan, and specifically objected to the plan component relating to the treatment of its secured claim. The IRS's Objection placed the plan term squarely at issue for purposes of confirmation. If the Plan containing this provision were con-firmed, therefore, the treatment of the IRS's claim would be binding on the Debtor and on the IRS, since it was or should have been addressed at the confirmation hearing. In other words, pursuant to § 1327(a) of the Bankruptcy Code, the IRS would be bound by an order determining that it was not entitled to any distribution on its "invalid" lien, and also directing the IRS to release the lien.

**2. § 1327(b) and § 1327(c)**

■ Additionally, subsection (b) and subsection (c) of § 1327 provide that the confirmation of a plan vests property in the debtor free and clear of any claim or interest of any creditor "provided for by the plan." As shown above, the Debtor's Amended Chapter 13 Plan states that the "tax lien creditor" will not receive any distribution on its invalid claim for responsible person taxes, and that the creditor shall release its lien.

Courts have not been in complete agreement as to when a Chapter 13 plan "provides for" a claim within the meaning of § 1327(c). See, for example, *Cen–Pen Corporation v. Hanson,* 58 F.3d 89, 94 (4th Cir.1995). The Fourth Circuit Court of Appeals, however, recently considered § 1327, and concluded that "in order to 'provide for' a creditor for purposes of § 1327(c), the plan must, at a minimum, clearly and accurately characterize the creditor's claim throughout the plan," and must give specific notice to the creditor if the claim is not fully protected. *In re Deutchman,* 192 F.3d 457, 461 (4th Cir. 1999). The term "provided for by the plan," as contained in § 1327(c), "carries with it the implication that the creditor, at the very least, must be 'mentioned' by name or by category in a way that affects it with regard to an identifiable obligation." *In re Burgess,* 163 B.R. 726, 729 (Bankr.M.D.Pa.1993).

In this case, the Debtor's Amended Chapter 13 Plan does not propose that the secured claim of the IRS will be paid. The Plan does, however, identify the claimant

as a "tax lien creditor," identify the secured claim as a "lien for civil penalty/responsible personal [sic] taxes," and refer to the claim as previously disallowed by the Court. The Amended Plan further states that the creditor will not receive any distribution on the claim, and that the creditor "shall immediately file a release of such lien." Under these circumstances, the Court finds that the Amended Plan clearly identifies the creditor, identifies the secured claim, and notifies the creditor of its proposed treatment under the Plan. The Amended Plan "provides for" the secured claim of the IRS within the meaning of § 1327(c) of the Bankruptcy Code. Arguably, therefore, pursuant to § 1327(c), confirmation of the Amended Plan would have the effect of vesting property subject to the IRS's claim in the Debtor free and clear of the tax lien.

### Conclusion

The issue in this case is whether the Court should consider confirmation of the Debtor's Amended Chapter 13 Plan, in view of the appeal of the Order disallowing the IRS's secured claim that is currently pending in the United States District Court. The Court finds that confirmation of the Debtor's Chapter 13 plan may have the effect of depriving the IRS of "effective judicial relief" in the event that the IRS prevails on its appeal. *In re Seidler,* 44 F.3d 945 (11th Cir.1995). The Amended Chapter 13 Plan expressly provides that the IRS will not receive any distribution on its tax lien, and that the lien will be released upon confirmation of the Plan. If the Plan were confirmed, the Court finds that the IRS may be bound by the provisions relating to its claim pursuant to § 1327(a) of the Bankruptcy Code, and that the property subject to the IRS's lien may be vested in the Debtor free and clear of the lien pursuant to § 1327(c) of the Bankruptcy Code. As a result of these effects of confirmation, the IRS would have no effective remedy in the event that the District Court allowed its secured claim on appeal. Unlike the situation in

*Seidler,* for example, the IRS would not be able to enforce its lien against the Debtor's property following confirmation of the Amended Plan, since the Plan specifically provides for release of the lien. Because consideration of the Plan may have the consequence of rendering the IRS's appeal moot, therefore, the Court will defer such consideration pending resolution of the appeal.

Accordingly:

**IT IS ORDERED** that consideration of confirmation of the Debtor's Amended Chapter 13 Plan is deferred pending resolution of the appeal by the Internal Revenue Service to the United States District Court of the Order on Debtor's Objection to Claim of Internal Revenue Service.