Filed 12/5/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HEATHER EDWARDS, | B247596 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC442997) |
| v. | |
| BROADWATER CASITAS CARE CENTER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rolf M. Treu, Judge.  Motion to Dismiss.  Denied.

Lyon Law and Geoffrey C. Lyon for Plaintiff and Appellant.

Levinson Arshonsky & Kurtz, Robert A. Levinson and Yoonis J. Han for Defendants and Respondents.

## I. INTRODUCTION

Plaintiff, Heather Edwards, has appealed cost and attorney's fee awards imposed by the trial court against her following the unsuccessful arbitration of her employment discrimination claim. She argues the trial court exceeded its jurisdiction in awarding costs and attorney's fees to defendants, Broadwater Casitas Care Center, LLC and Nathan Ure. Defendants have moved to dismiss plaintiff's appeal as moot. Defendants argue the merits of plaintiff's appeal have been resolved against her in a bankruptcy proceeding under title 11 of the United States Code section 1301 et seq. (chapter 13).[1] Plaintiff initiated the bankruptcy proceeding prior to filing the present appeal. The bankruptcy court confirmed plaintiff's chapter 13 debt adjustment plan while this appeal was pending. We heard oral argument on defendants' dismissal motion on October 1, 2013. We now deny defendants' dismissal motion.

## II. BACKGROUND

On September 19, 2012, following confirmation of the arbitration award, the trial court awarded defendants $19,826 in costs. A writ of execution issued on October 25, 2012. On January 16, 2013, the trial court granted defendants' motion for $158,471.25 in attorney's fees. On February 9, 2013, plaintiff filed a chapter 13 bankruptcy petition. Plaintiff's chapter 13 bankruptcy petition listed the trial court's October 25, 2012, $19,836 cost award. But the petition made no reference to the trial court's January 16, 2013, $158,471.25 attorney fee award. On February 25, 2013, defendants filed their proof of claim in the bankruptcy court. The proof of claim lists both the trial court's $19,826 cost and $158,471.25 attorney fee awards. On March 15, 2013, plaintiff filed her notice of appeal in the present case. On June 12, 2013, the bankruptcy court confirmed plaintiff's chapter 13 debt repayment plan. Plaintiff never objected to

---

[1] All further statutory references are to title 11 of the United States Code.

defendant's claim. Under the plan, plaintiff is to pay defendants eight percent of the cost and attorney's fees awarded in this case. No appeal was taken from the plan confirmation order.

## III. DISCUSSION

Defendants assert the chapter 13 plan confirmation order precludes plaintiff from challenging the cost and attorney's fee awards issued by the trial court. The res judicata effect of the chapter 13 plan confirmation order is primarily a question of law. (*In re Summerville* (Bankr. 9th Cir. 2007) 361 B.R. 133, 139; *In re Brawders* (Bankr. 9th Cir. 2005) 325 B.R. 405, 410; see *State Farm General Insurance Company v. Workers' Compensation Appeals Board* (2013) 218 Cal.App.4th 258, 268, fn. 4; *Noble v. Draper* (2008) 160 Cal.App.4th 1, 10.) We disagree with defendants' position.

Chapter 13 allows an individual with regular income to adjust his or her debts under a repayment plan. (§ 1301 et. seq.; see *In re Nolan* (6th Cir. 2000) 232 F.3d 528, 530; *In re Estus* (8th Cir. 1982) 695 F.2d 311, 313-314 & fn. 3.) Under chapter 13, debt repayment is funded primarily through the debtor's post-petition income. (See § 1322(a)(1); *In re Michael* (3rd Cir. 2012) 699 F.3d 305, 309; *In re Clark* (Bankr. S.D. Ohio 1997) 207 B.R. 559, 563.) The debtor makes regular payments to the trustee, who then distributes funds to creditors. (See § 1326(a)(1)-(2); *In re Michael, supra,* 699 F.3d at p. 309; *In re Howell* (Bankr. W.D. Pa. 1992) 138 B.R. 484, 489; see generally, *A Chapter 13 Primer for Non-Chapter 13 Bankruptcy Attorneys* (2009) 30 Cal. Bankr. J. 41.) A confirmed plan is subject to modification by the debtor or a creditor under specified circumstances. (§ 1329(a)[2].) And as will be noted, res judicata principles do

___

[2] Section 1329(a) states: "At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-- [¶] (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; [¶] (2) extend or reduce the time for such payments; [¶] (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary

not prevent the bankruptcy court from modifying the confirmed plan. (*In re Taylor* (Bankr. E.D.Penn. 1997) 208 B.R. 828, 832-833; *In re Frost* (S.D.Ohio 1990) 123 B.R. 254, 256, 259.)

The preclusive effect of a confirmed plan is defined in section 1327(a). Section 1327(a) states, "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Because we are applying a federal statute, section 1327(a), we follow rules of statutory construction enunciated by the United States Supreme Court. In *Kaiser Aluminum & Chemical Corp. v. Bonjorno* (1990) 494 U.S. 827, 835, the United States Supreme Court held: "The starting point for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" (See *Ransom v. FIA Card Services, N.A.* (2011) 562 U.S. ___, ___ [131 S.Ct. 716, 723-724] ["Our interpretation of the Bankruptcy Code starts 'where all such inquiries must begin: with the language of the statute itself.'"].) When a statute is unambiguous, its language cannot "be expanded or contracted by the statements of individual legislators or committees during the course of the" legislative process. (*West*

---

to take account of any payment of such claim other than under the plan; or [¶] (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that-- [¶] (A) such expenses are reasonable and necessary; [¶] (B)(i) if the debtor previously paid for health insurance, the amount is not materially larger than the cost the debtor previously paid or the cost necessary to maintain the lapsed policy; or [¶] (ii) if the debtor did not have health insurance, the amount is not materially larger than the reasonable cost that would be incurred by a debtor who purchases health insurance, who has similar income, expenses, age, and health status, and who lives in the same geographical location with the same number of dependents who do not otherwise have health insurance coverage; and [¶] (C) the amount is not otherwise allowed for purposes of determining disposable income under section 1325(b) of this title; [¶] and upon request of any party in interest, files proof that a health insurance policy was purchased."

*Virginia Univ. Hospitals, Inc. v. Casey* (1991) 499 U.S. 83, 98-99; accord *Huff v. DeKalb County* (11th Cir. 2008) 516 F.3d 1273, 1280.)

In cases which require construction of statutory language, the United States Supreme Court has noted, "[T]the statutory language controls its construction." (*Ford Motor Credit Co. v. Cenance* (1981) 452 U.S. 155, 158, fn. 3; see *Griffin v. Oceanic Contractors, Inc.* (1982) 458 U.S. 564, 571 ["'There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the [L]egislature undertook to give expression to its wishes.'"].) Further, in interpreting a statute, the Supreme Court has emphasized the importance of avoiding: "absurd results" (*United States v. Turkette* (1981) 452 U.S. 576, 580); "'an odd result'" (*Public Citizen v. U.S. Department of Justice* (1989) 491 U.S. 440, 454); or "unreasonable results whenever possible." (*American Tobacco Co. v. Patterson* (1982) 456 U.S. 63, 71.) Moreover, the United States Supreme Court has noted, "Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided." (*Commissioner v. Asphalt Products Co., Inc.* (1987) 482 U.S. 117, 121; see *U.S. v. Ninety-Three Firearms* (6th Cir. 2003) 330 F. 3d 414, 420.) In *Griffin v. Oceanic Contractors, Inc.*, *supra*, 458 U.S. at p. 571, the Supreme Court stated: "Nevertheless, in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling. . . . [Citations.]" (See *U.S. v. Ron Pair Enterprises, Inc.* (1989) 489 U.S. 235, 242-243 ["In such cases, the intention of the drafters, rather than the strict language, controls."].)

Under section 1327(a), a confirmed plan is binding on both the debtor and his or her creditors. The binding effect extends to all questions pertaining to the plan that were or could have been raised. (*In re Enewally* (9th Cir. 2004) 368 F.3d 1165, 1172; *In re Demarco* (Bankr. M.D.Fla. 2000) 258 B.R. 30, 34-35.) As the Court of Appeals for the Ninth Circuit explained in *Enewally*, "'[O]nce a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan

5

are entitled to *res judicata* effect.' [Citation.]" (*In re Enewally, supra,* 368 F.3d at p. 1172; see *In re Mansaray-Ruffin* (3rd Cir. 2008) 530 F.3d 230, 241.)

However, the res judicata effect of a confirmed chapter 13 plan is limited. (See *In re Enewally, supra,* 368 F.3d at pp. 1172-1173; *In re Seidler* (11th Cir. 1995) 44 F.3d 945, 948-949; *In re Summerville, supra,* 361 B.R. at p. 140; *In re Brawders, supra,* 325 B.R. at p. 411.) As the United States District Court for the Western District of Virginia has explained: "Generally, [section] 1327(a) does provide a res judicata effect to the terms of a confirmed plan. [Citation.] This effect, however, is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing." (*In re Linkous* (W.D.Va. 1992) 141 B.R. 890, 898, affd. *In re Linkous* (4th Cir. 1993) 990 F.2d 160, 163.) Thus, the federal courts have held in specified circumstances that a confirmed chapter 13 plan has limited preclusive effect. Among the specified circumstances are cases where there were issues that were or could not have been resolved in the confirmation process. (See *In re Seidler, supra,* 44 F.3d at pp. 948-949 [mortgage lien]; *In re Summerville, supra,* 361 B.R. at pp. 140-141 [validity of note and deed of trust]; *In re Brawders, supra,* 325 B.R. at pp. 410-411 [county tax lien]; *In re Beard* (Bankr. N.D.Ind. 1990) 112 B.R. 951, 954 [federal tax lien]; *In re Minick* (Bankr. D.C. 1986) 63 B.R. 440, 441-442 (*Minick*) [mortgage].)

For example, a confirmed plan has no preclusive effect as to issues that must be brought by an adversary proceeding in the bankruptcy court. (See *In re Enewally, supra,* 368 F.3d at p. 1173 ["a Chapter 13 plan confirmed while an adversary proceeding was pending would not have *res judicata* effect on the adversary proceeding."]; *In re Summerville, supra,* 361 B.R. at p. 141 [quoting *Enewally*]; *In re Beard, supra,* 112 B.R. at p. 956 ["If an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect."].) A confirmed plan is not binding as to the amount of a creditor's claim when the claims bar date has not passed. (*In re Grogan* (E.D.Cal. 1993) 158 B.R. 197, 199-200; see *Minick, supra,* 63 B.R. at p. 442.) And a confirmed plan is not res

6

judicata if to so conclude would result in a due process denial. (*In re Linkous, supra,* 990 F.2d at pp. 162-163; see *In re Summerville, supra,* 361 B.R. at p. 141; *In re Brawders, supra,* 325 B.R. at p. 411.)

Moreover, federal decisional authority explains that section 1327(a) does not say or mean the precise amount of each creditor's claim is binding where it has not been determined. (See *In re Seidler, supra,* 44 F.3d at pp. 948-949; *In re Summerville, supra,* 361 B.R. at pp. 140-141; *In re Tucker* (E.D.Tenn. 1999) 231 B.R. 284, 287; *In re Grogan, supra,* 158 B.R. at pp. 199-200; *Elliott v. ITT Corp.* (N.D.Ill. 1992) 150 B.R. 36, 37-38 (*Elliott*); *Minick, supra,* 63 B.R. at pp. 441-442) ["the plan is only binding as to treatment, not claim amount, unless a specific claim was actually determined preconfirmation"] March, et al., Cal. Practice Guide: Bankruptcy (The Rutter Group 2012) ¶ 13:1133, pp. 13-141 (rev. # 1, 2011.)

In *Elliott, supra*, 150 B.R. at page 38 for example, the debtors filed a chapter 13 bankruptcy petition in which they acknowledged a debt to certain ITT corporations (ITT). The bankruptcy court confirmed the plan. The debtors subsequently filed lawsuits against ITT for consumer fraud in connection with the debt. ITT asserted the confirmed bankruptcy plan precluded the debtors from challenging the legality of the debt. As noted, the confirmation plan acknowledged the debt. The United States District for the Northern District of Illinois disagreed with ITT's argument that the debtors were bound by the confirmed plan: "[U]nderlying debts are not 'confirmed' in a Chapter 13 plan. Instead, a Chapter 13 plan confirms the manner in which the debtor will discharge his financial obligations. In fact, several bankruptcy courts have expressly ruled that *res judicata* does not bar a debtor who has confirmed a Chapter 13 plan from objecting to claims under the Truth-In-Lending Act . . . . *See In re Woolaghan,* 140 B.R. 377, 380 (Bankr. W.D.Pa. 1992) . . . ; *In re Marshall,* 121 B.R. 814 (Bankr. C.D.Ill. 1990) . . . . Accordingly, we do not find that [the debtors are] precluded from challenging the Debt by virtue of [their] prior bankruptcy proceedings." (*Elliott, supra,* 150 B.R. at pp. 39-40, fns. omitted.) In a footnote, the district court observed: "[B]ecause Chapter 13 is a voluntary proceeding designed to expeditiously develop a plan for putting the debtor's

fiscal house in order, there is little time for a debtor to thoroughly explore possible challenges to his [or her] underlying debts. [Citation.] Because requiring full investigation and disclosure of possible claims would defeat the summary nature of Chapter 13, it would be inconsistent and inappropriate to give confirmation of a plan *res judicata* effect with respect to underlying claims." (*Id.* at p. 40, fn. 6.)

Similarly, in *Minick, supra,* 63 B.R. at page 441, the United States Bankruptcy Court for the District of Columbia confirmed a chapter 13 plan. The confirmation order was based on the amount the creditor claimed was due rather than the lesser amount the debtor acknowledged. The bankruptcy court determined it was more important to begin to cure the debtor's arrears than to delay while determining the precise amount thereof. (*Ibid.*) The creditor argued the precise amount of its claim should have been judicially determined prior to confirmation of the debtor's chapter 13 plan. The bankruptcy court disagreed. The bankruptcy court held: "[Section] 1327(a), which states that 'the provisions of a confirmed plan bind the debtor and each creditor . . .', does not say and certainly does not mean that something that is not a 'provision of a confirmed plan'—that is, the precise amount of each creditor's claim—is 'binding' when it has not yet been determined. [¶] . . . [¶] Bankruptcy courts nationwide routinely confirm Chapter 13 plans without awaiting judicial resolution of all claims. Indeed, in most Chapter 13 cases, the time for creditors even to file their claims . . . does not expire until some two months after the date normally set for the confirmation of a plan is contrary to well-established custom and practice, is unsupported by anything in the statute or case law, and would inordinately delay plan confirmation to no good purpose and indeed to the detriment of all parties in interest, including creditors." (*Id.* at pp. 441-442; see also, *In re Euliano* (Bankr. D.Mass. 2010) 442 B.R. 177, 189; *In re Grogan, supra,* 158 B.R. at pp. 199-200.)

Moreover, as noted, under specified circumstances, a debtor or creditor may seek to modify a confirmed plan. Section 1329(a) (see fn. 2, *ante*) permits the debtor, trustee or an unsecured claim holder to seek to modify a plan to increase or reduce payments. (*Barbosa v. Soloman* (1st Cir. 2000) 235 F.3d 31, 33-41 [confirmation plan modified on

trustee's motion to use proceeds from sale of bankruptcy estate asset to increase payments to creditors]; *In re Arnold* (4th Cir. 1989) 869 F.2d 240, 241-244 [trustee could seek modification of confirmation plan to increase payments to creditors after debtor's financial condition improved].)

We believe the following Seventh Circuit analysis describes why res judicata principles do not in every case apply to a debtor's modification petition: "Similarly, the statutory framework of the Bankruptcy Code plainly assumes the possibility of modifications of bankruptcy plans after they are confirmed. Section 1327 of the bankruptcy code provides that 'the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.' § 1327. Congress, however, also provided a mechanism to change the binding effect of § 1327 when it passed § 1329 to allow for modifications. 'If the drafters of the Bankruptcy Code intended for a confirmation hearing to have res judicata effect, there would be little or no reason for Section 1329.' *In re Williams,* 108 B.R. 119, 123 (Bankr. N.D.Miss.1989). Moreover, Congress could have specifically imposed a precondition to a § 1329 modification, but it did not do so. In fact, where it deemed appropriate, Congress could have specifically provided a 'change in circumstance' prerequisite under another provision of the Bankruptcy Code. § 1328(b). *See In re Phelps,* 149 B.R. 534, 538 (Bankr. N.D.Ill. 1993); *In re Powers,* 140 B.R. 476, 479 n. 3 (Bankr. N.D.Ill. 1992). This provision makes it clear that Congress did not intend the common law doctrine of res judicata to apply to § 1329 modifications." (*In re Witkowski* (7th Cir. 1994) 16 F.3d 739, 745; *In re Taylor*, *supra*, 208 B.R. at p. 833; *In re Duke* (Bankr. N.D.Ala. 1993) 153 B.R. 913, 918 [§ 1329 "permits a modification of a plan's treatment of a claim, which must be strictly and narrowly construed as an exception to the binding effect of § 1327(a)"].) Thus, if plaintiff is successful in her appeal, she can move to modify the confirmation plan to reduce her payments, i.e., eliminate them, to defendants.

We conclude, utilizing established rules for construing federal statutes, section 1327(a) does not require us to find the present appeal is moot. The limited res judicata

effect of a confirmed plan does not apply when a state court action remains unresolved at the time bankruptcy proceedings commence. Section 1327(a) does not expressly address our procedural and factual scenario. Congress plainly and intentionally intended to permit debtors to amend a confirmed plan by expressly enacting section 1329(a). There is no evidence Congress in enacting section 1327(a) intended to foreclose a state court from adjudicating a dispute's merits before or after the confirmation plan's approval. The rigid application of res judicata principles is inapplicable because it conflicts with a plainly stated Congressional purpose--permitting a debtor to amend a confirmation plan. (*Astoria Federal Sav. and Loan Assn. v. Solimino* (1991) 501 U.S. 104, 108; *In re Witkowski*, *supra*, 16 F.3d at pp. 744-745.)

We now turn to our case. Here, it is undisputed the trial court's authority to impose costs and attorney's fees was not actually litigated in the bankruptcy court. The parties did not raise the issue in the bankruptcy court other than to report each side's view as to the amount due. Nor did the bankruptcy court address the question of the correctness of the cost and attorney fees awards. The issue was not actually litigated and decided in the chapter 13 confirmation process. Nor was it necessary to determine the validity of the obligation in order to resolve any plan confirmation issue. The confirmed chapter 13 plan does not preclude plaintiff's appeal challenging the trial court's cost and attorney fees award. No doubt, plaintiff acknowledged the existing debt in her chapter 13 plan and voluntarily agreed to make payments on it. But nothing in federal bankruptcy law prevents her from, outside the bankruptcy proceeding, challenging the trial court's authority to impose the obligation on her in the first instance.

This appeal would be moot if we could not potentially grant plaintiff any effectual relief. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541; *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 77-78.) However, because of the limited res judicata effect of the confirmed plan, we can determine if plaintiff owes no or less money to defendants. Further, if plaintiff is successful, she can seek modification of the confirmed plan to limit her payments to defendants. We recognize the bankruptcy court may not permit the confirmation plan to

10

be amended or the judgment in our case to be affirmed. What the future holds for the litigants is unclear. And that is why this appeal is not moot. We need not address any issues at this point concerning the authority of a bankruptcy court to determine the merits of state court suit which does not involve public rights. (*Stern v. Marshall* (2011) 564 U.S. ___, ___-___ [131 S.Ct. 2594, 2608-2620]; *Crowell v. Benson* (1932) 285 U.S. 22, 50.)

## IV.  DISPOSITION

Defendants' motion to dismiss the appeal is denied. The foregoing conclusions are fully consistent with federal bankruptcy decisional authority.

**CERTIFIED FOR PUBLICATION**

TURNER, P. J.

We concur:

KRIEGLER, J.

KUMAR, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.