**In re Luis MIRANDA.**

**No. 00–39194–H2–13.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Nov. 26, 2001.

John V. Burger, Houston, TX, for debtor.

Elaine S. McAnelly, Houston, TX, for Chase Mortgage.

David Peake, Houston, TX, Chapter 13 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CHASE MANHATTAN BANK'S MOTION TO ALLOW LATE FILING OF PROOF OF CLAIM (doc # 48)

WESLEY W. STEEN, Bankruptcy Judge.

These findings and conclusions are issued in a frustrating procedural context.

Notwithstanding the fact that no party has objected or requested a hearing, the Court denies Chase's Motion to Allow Late Filing of Proof of Claim (docket # 48, the "Motion") because the Court does not have authority to grant that relief in a chapter 13 case. These findings and conclusions attempt to explain the reasons for, and the limitations of, the order issued this date denying the Motion because the Court simply does not have authority to give the relief requested.

### FACTS[1]

The Debtor filed this bankruptcy case on October 2, 2000. The Debtor did not list a debt to Chase in the bankruptcy schedules and Chase did not receive notice of the filing of the bankruptcy case or of the deadline for filing proofs of claim.[2] That deadline was March 15, 2001. Chase did not file a claim prior to the deadline.

An order was entered confirming the Debtor's chapter 13 plan on February 23, 2001. Chase obtained a judgment against the Debtor *after* the chapter 13 plan was confirmed, on April 30, 2001. It is not clear how Chase obtained a judgment, apparently in violation of the automatic stay.[3] Chase's judgment indicates that it holds an unsecured, nonpriority claim against the

---

1. The docket sheet in this case indicates that no party filed a response to the Motion or any objection or request for hearing. Chase asserts in the Motion that the Debtor does not oppose the relief requested. No representation is made with respect to whether the Trustee opposes the motion. Therefore, there was no contested evidentiary hearing on the motion and there will not be one. The Court will assume (for purposes of this ruling only) that the facts alleged in the Motion are true. The facts set forth in this opinion are based on that assumption and on the Court's review of the docket sheet of this case.

2. Chase's Motion is not completely clear. Chase explicitly states that it "did not receive notice of the Debtor's bankruptcy filing." However, Chase also states that "the address provided on the Acknowledgment was not a proper address for Chase." The Court does not know what "Acknowledgment" Chase is referencing, and does not understand the significance of the allegation. The Court ignores the "Acknowledgment address" issue and assumes lack of adequate notice to Chase.

3. The abstract of judgment (attached to Chase's motion) indicates that citation was served in the state court suit on February 27, 2001. Judgment was rendered on April 30,

Debtor. It appears to be a prepetition claim, although there is no allegation to that effect. Among other things that cannot be resolved by Chase's uncontested Motion is the validity, *vel non*, of Chase's judgment.

On July 26, 2001, Chase filed the Motion to Allow Late Filing of its claim for $41,661.98.[4]

The Court cannot determine from Chase's Motion how unsecured creditors are treated in the plan, or whether adding Chase as an unsecured creditor at this date subsequent to plan confirmation would impermissibly alter the treatment of other unsecured creditors.

## CONCLUSIONS OF LAW

I.  Analysis of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure

A.  The Court is prohibited by the FRBP from exempting Chase from the deadline for filing a proof of claim. But Chase does not need Court permission to file a late claim.

Rule 3002(a) of the Federal Rules of Bankruptcy Procedure (FRBP) provides (with exceptions not applicable here) that "[a]n unsecured creditor ... must file a proof of claim or interest for the claim or interest to be allowed." FRBP 3002(c) provides that a proof of claim in a case under chapter 7, 12, or 13 is *timely* filed if

2001. Both dates are subsequent to the date that the petition was filed in this case. The docket sheet does not show that the Court granted relief from the stay to allow the state court suit to be filed or to proceed to judgment.

4. The amount listed in the proposed proof of claim differs from the amount of the judgment. The Court assumes that postpetition interest, included in the judgment, was omitted from the claim.

it is filed within 90 days after the creditors' meeting in the case.

Bankruptcy Code § 502(a) provides that a proof of claim "which is filed under section 501 ... is deemed allowed ... unless a party in interest objects ..." Bankruptcy Code § 502(b) provides that

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim ... except to the extent that—

(9) proof of such claim is not timely filed.

■ The Court has no authority under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure to extend the deadline for filing a proof of claim in a chapter 13 case. The deadline for filing proofs of claim in a chapter 13 case is established by FRBP 3002(c). Rule 9006 permits the Court to extend most deadlines. However, Rule 9006(b)(3) explicitly *excludes* extension of the deadline for filing a proof of claim in a chapter 13 case except in circumstances not applicable here. Thus, by explicit statement of the rules, the Court cannot extend the deadline.[5]

■ On the other hand, the Court has no authority to prohibit a tardy creditor from filing a proof of claim.[6] And, under the statute, whether the claim was filed timely or late, it is allowed unless a party

5.  *Compare,* however, *In re McQueen,* 245 B.R. 287 (M.D.Tenn.1999) which holds that due process requires that the deadline be extended if a creditor did not receive notice of a case in time to file a proof of claim.

6.  *See* Advisory Committee Note to 1996 amendment of FRBP Rule 3002.

in interest (usually the trustee) objects to the claim. There is no deadline for objecting to a proof of claim.[7]

██ Therefore, under the facts presented in this case, the Court cannot extend the deadline but Chase may file its claim without Court permission. The claim is "allowed" by § 502 of the Bankruptcy Code unless a party in interest objects. The consequences of filing a claim after the deadline, if any, are defined by other provisions of the Bankruptcy Code and by the jurisprudence.

B. Filing a claim after the deadline may have no consequences, but the claim may be subordinated (and, effectively, disallowed) if objection is made.

1. Tardy claims can be paid in chapter 13 cases.

██ There is no explicit prohibition in the Federal Rules of Bankruptcy Procedure or in chapter 13 of the Bankruptcy Code against payment of tardy claims through a chapter 13 plan. If anything, the Code suggests that *all* unsecured claims can be classified and paid so long as the plan design conforms with the statutory priorities and requirements.[8]

Section 1326(b)(2) of the Bankruptcy Code provides that the chapter 13 trustee must distribute plan funds "in accordance with the plan." There is no requirement *in the statute* that distributions be limited to holders of allowed claims.[9] Thus, whether one reads § 502(b)(9), post 1994, as "disallowing" late-filed claims or simply as subordinating them as suggested by *Waindel,*[10] it would appear that there is no prohibition in the Bankruptcy Code to paying late-filed claims in chapter 13 plan.

And, as discussed below, the Court of Appeals for the Fifth Circuit has clearly indicated that late-filed claims may be provided for by a chapter 13 plan.[11]

2. The Trustee's authority to pay Chase's claim is determined by plan provisions, not by a Court order allowing Chase to file its claim. The Trustee's duty, if any, to object to Chase's claim is determined by whether any purpose would be served by filing the objection.

██ It is the chapter 13 trustee's duty if a purpose would be served, [to] "examine proofs of claims and object to the allowance of any claim that is improper."[12] It is the trustee's duty in chapter 13 to appear and to be heard at any hearing concerning confirmation or modification of a chapter 13 plan.[13]

7. Federal Rules of Bankruptcy Procedure 3007. *Collier on Bankruptcy* ¶ 502.02[3][e] (15th ed.1999).

8. *See* Bankruptcy Code § 1322(b)(4), (8), and (10).

9. Contrast Federal Rules of Bankruptcy Procedure 3021 which provides for distribution under confirmed plans to "creditors whose claims have been allowed." Read in context of the rules preceding and following rule 3021, it appears to be limited to chapter 9 and chapter 11 cases. *Collier's* confirms this: "While there is no limit to Rule 3021 as to its applicability in cases in which plans are con-firmed, it will be principally of use in chapter 9 and chapter 11 cases. Distributions in chapter 12 and chapter 13 cases will be governed by sections 1226 and 1326 respectively." *Collier on Bankruptcy* ¶ 3021.01 (15th ed.1999).

10. *Infra.*

11. *In the Matter of Waindel,* 65 F.3d 1307 (5th Cir.1995) *infra.*

12. Bankruptcy Code § 1302(b)(1) and 704(5).

13. Bankruptcy Code § 1302(b)(2).

■ A chapter 13 plan cannot be confirmed[14] or modified[15] unless the distribution to unsecured creditors is at least equal to the value that they would receive in a chapter 7 case. With this requirement, the Bankruptcy Code incorporates the subordination provisions of chapter 7[16] as a possible limitation on payment of late-filed claims.[17]

■ In a chapter 7 case, tardy, unsecured, nonpriority creditors are not entitled to distributions except (i) if the creditor did not have knowledge or notice of the case in time to file a timely proof of claim but the claim was nevertheless filed timely to permit payment with claims that were timely filed, and (ii) *after* all other unsecured creditors are paid.

■ Since the chapter 13 plan was confirmed in this case without disclosure or consideration of Chase's claim, *the plan might not provide for payment of Chase's unsecured claim.* It is the trustee's duty in chapter 13 cases to make distributions in accordance with the confirmed plan.[18] If the plan does not provide for payments to unsecured, nonpriority claims that were unknown on the confirmation date, then the trustee should not make any distributions to Chase, notwithstanding the fact that Chase may have filed a proof of claim. If appropriate, the plan *might* be modified post-confirmation.[19]

■ Or, more likely, *the plan may provide for payment of all allowed unse-* *cured claims* whether or not known and considered at confirmation. Since late-filed claims are "allowed" unless objection is made, if the plan is structured this way it would constitute authority to pay Chase's claim, albeit late-filed, unless and until someone objects. The trustee might have a duty to object to the claim.

> The trustee has the duty to ... ensure an equitable distribution to the proper creditors of the estate.[20]

Under some facts, allowance of the claim might not matter. For example, if the plan provided for no distributions to unsecured creditors (but nevertheless met the confirmation requirements), the issue would be moot. Or, distributions to unsecured creditors might not yet have begun, and therefore Chase might be entitled to payment even under chapter 7. Or, the plan might provide for 100% payment to unsecured creditors.

If no "purpose would be served," the chapter 13 trustee need not object to Chase's claim.[21] But if a purpose were to be served by objection, the trustee would have a duty to object.[22] The trustee might question whether Chase had knowledge of the case in time to file a proof of claim. Or, the trustee might question whether Chase's judgment was void as obtained in violation of the automatic stay. The trustee might have already begun to make substantial distributions to unsecured creditors and under those facts, the trustee

---

**14.** Bankruptcy Code § 1325(a)(4).

**15.** Bankruptcy Code § 1329(b)(1).

**16.** Bankruptcy Code § 726(a)(2)(C).

**17.** *Waindel, infra.*

**18.** Bankruptcy Code § 1326(a)(2).

**19.** Bankruptcy Code § 1329. But note that the permissible purposes of a modification are limited. *In re Moore,* 247 B.R. 677 (Bankr.

W.D.Mich.2000) suggests that section 1329 is an exclusive list. That issue is not considered here.

**20.** *Collier on Bankruptcy* ¶ 502.02[2][b] (15th ed.1999).

**21.** Bankruptcy Code § 1302(b)(1) and 704(5).

**22.** *Id.*

might believe that including Chase with other unsecured creditors might deprive timely creditors of the full value of what they would receive in a chapter 7 case.[23] The variety of possible fact patterns is almost endless.

## II.  Guidance From the Court of Appeals for the Fifth Circuit

The most recent authority on this issue from The Court of Appeals for the Fifth Circuit is *In the Matter of Waindel*, 65 F.3d 1307 (5th Cir.1995).  There are several important distinctions between that case and the current facts.  First, *Waindel* dealt with a priority tax claim.  By contrast, in this case Chase has an unsecured, non-priority claim.[24]  Second, *Waindel* is governed by the Bankruptcy Code *prior* to the effective date of § 502(b)(9).[25]  Third, in *Waindel* the IRS had filed a proof of claim and the trustee and the debtors objected to the claim.  In the current facts, no proof of claim or objection has been filed.  Nevertheless, *Waindel* is instructive because the Fifth Circuit clearly instructs that "... [T]ardy claims ... [are] ... tardy, not disallowed, but potentially entitled to no more than lower-priority recovery from the debtor's estate."[26]  The court also concluded that

"In chapters 11 and 13 cases, where section 726 furnishes a baseline for distribution priorities under plans, the plans can incorporate parallel treatment for late-filed claims."[27]

## CONCLUSION

Under the present circumstances, no claim has been filed and no objection to claim is pending.  The Court cannot determine whether a purpose would be served for the trustee to file an objection.  No other party in interest has had an opportunity to file an objection to claim.  The Court cannot address these issues in a vacuum.

It is clear that the Court does not have the authority to authorize Chase to file a tardy claim or to prohibit Chase from filing a tardy claim.  The Court suspects that Chase expects an authorized tardy claim to be paid by the trustee with other unsecured creditors under the plan.  That consequence would not follow, necessarily.  Without more facts, the Court cannot determine whether that result would be appropriate or not.

The Debtor may wish to modify the plan to assure that Chase's claim will be "provided for" under the plan in order to obtain a discharge of the claim.[28]  Discharge

---

**23.**  At first blush, if any payments remain to be made to unsecured creditors, and if Chase did not have notice or knowledge of the case in time to file a proof of claim, it would seem that the requirements of Bankruptcy Code § 726(a)(2)(C) would always be met.  However, that issue is left for another day.  There might be a number of complicating factors.  If the trustee had already begun distributions, it is not known whether the distribution percentages would be revised so that Chase would get an equal share of total distributions or whether only future distributions would be adjusted so that Chase would get an equal share of distributions made after the claim was filed.

**24.**  The distinction is especially important because Bankruptcy Code § 1322(a)(2) requires payment in full of all priority claims.  The Court in *Waindel* was especially concerned with this statutory requirement which is not applicable to Chase's claim.

**25.**  Although there has been a change in the law applied by *Waindel*, the amendment appears to adopt the rule announced by the Fifth Circuit.

**26.**  *Waindel*, at 1308, citing § 726.

**27.**  *Id.* at 1310.

**28.**  *Fn. 19, supra.*

of the claim might, or might not, have constitutional due process implications. The trustee or another creditor may want to object to the claim. Or, an objection to the claim might not be necessary because no purpose would be served by filing an objection. The trustee might, and should, be wary of paying a tardy claim if that payment is not authorized by the plan or if payment of Chase's claim would alter the distribution to unsecured nonpriority creditors in a way that gives them less than they would get in chapter 7 if Chase were subordinated because it was tardy.

But Chase has the right to file its claim, without Court permission. The consequences of filing a late proof of claim, or of not filing a late proof of claim, will be dealt with in other proceedings.

In addition, the consequences of lack of notice to Chase, if true, must be dealt with in other, properly postured proceedings.