In re Shane E. TEPPER, Debtor.

Shane E. Tepper, Plaintiff,

v.

George L. Burnham, Jr., Sewannee County Tax Collector, Defendant.

Bankruptcy No. 96–1404–BKC–3P3. Adversary No. 01–256.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 20, 2002.

Andrew J. Decker, III, Live Oak, FL, for plaintiff.

Frederick F. Rudzik, Assistant General Counsel, Tallahassee, FL, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Complaint for Declaratory Judgment filed by Shane E. Tepper (Plaintiff) against George L. Burnham, Jr., Suwannee County Tax Collector (Defendant). Plaintiff seeks a determination that any right, title, interest, claim lien or demand of the De-fendant has been satisfied, released, discharged, or extinguished with respect to certain 1994 and 1995 ad valorem taxes. A trial was held on March 5, 2002. In lieu of closing argument, the Court directed the parties to submit briefs and proposed Findings of Fact and Conclusions of Law and Final Judgment. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law and will enter Judgment in favor of the Plaintiff.

### FINDINGS OF FACT

1. On March 13, 1996, Plaintiff filed for chapter 13 bankruptcy relief. On Schedule E of the bankruptcy petition, Plaintiff checked the box showing that it owed taxes to governmental units as set forth in 11 U.S.C. § 507(a)(8) and listed Defendant as a creditor holding unsecured priority claims in the amount of $2,248.99 for 1994 and 1995 ad valorem taxes. (Plaintiff's Ex. 12) (Doc. 1)

2. Defendant did not file proof of claims for the 1994 and 1995 ad valorem taxes by the claims bar date of August 5, 1996. (Plaintiff's Ex. 12) (Doc. 4)

3. On August 12, 1996, Plaintiff filed its First Amended Chapter 13 Plan, which did not propose to make any disbursements to Defendant. (Plaintiff's Ex. 12) (Doc. 28)

4. On November 12, 1996, the Court entered an Order Confirming Plaintiff's Amended Chapter 13 Plan. Paragraph Ten (10) of the Order stated: "Secured creditors shall retain their liens." (Plaintiff's Ex. 12) (Doc. 43)

5. Plaintiff testified that after his plan was confirmed, Defendant informed Plaintiff that it would attempt to collect the 1994 and 1995 ad valorem taxes once his chapter 13 case was closed.

6. On March 13, 2000, Plaintiff filed Proof of Claim 11 on behalf of the Defen-

dant. Proof of Claim 11 addressed the 1994 ad valorem taxes and listed $100.00 as an unsecured priority claim and listed the balance as an unsecured non-priority claim. (Plaintiff's Ex. 1)

7. On March 13, 2000, Plaintiff filed Proof of Claim 12 on behalf of the Defendant. Proof of Claim 12 addressed the 1995 ad valorem taxes and listed $100.00 as an unsecured priority claim and listed the balance as an unsecured non-priority claim. (Plaintiff's Ex. 2)

8. On March 14, 2000, the Bankruptcy Court served notices on Defendant regarding the filing of two claims on Defendant's behalf. (Plaintiff's Ex. 3 and 4)

9. No objection or request for hearing was filed with respect to the proof of claims filed on Defendant's behalf. (Plaintiff's Ex. 12)

10. On March 13, 2000, Plaintiff filed Debtor's Notice of Post–Confirmation Modification to Chapter 13 Plan Pursuant to § 1329, United States Bankruptcy Code (Modification Notice). The Modification Notice stated: "The Debtor amends his Plan to provide for the unsecured priority tax claim of [Defendant] in the amount of $200.00 . . . . The Debtor shall submit payment . . . as full and complete payment of all claims held by the [Defendant]." In addition, the Modification Notice stated: "Except as modified herein, the provisions of the . . . Plan . . . confirmed by the Court on November 12, 1996, shall remain the same." Finally, the Modification Notice stated: "All creditors and interested persons are require [sic] to take notice that unless an objection or request for hearing is filed with the Court on or before March 29, 2000, the Debtor's Plan shall be deemed modified in accordance with . . . this notice." (Plaintiff's Ex. 5) (Doc. 64)

11. On March 10, 2002, the Modification Notice was served on Defendant. (Plaintiff's Ex. 5) (Doc. 64)

12. No objection or request for hearing was filed with respect to the Modification Notice. (Plaintiff's Ex. 12)

13. On April 6, 2000, the Court entered an Order Amending Confirmed Chapter 13 Plan (Second Confirmation Order). The Second Confirmation Order provided that the Plaintiff's chapter 13 plan was modified in accordance with the Modification Notice. In addition, the Second Confirmation Order specified that Defendant was to receive a distribution of $200.00 for the unsecured priority portions of Claim 11 and 12 and no distribution for the unsecured non-priority portions of those claims. (Plaintiff's Ex. 12) (Doc. 65)

14. On April 7, 2000, the Second Confirmation Order was mailed to Defendant. (Plaintiff's Ex. 12) (Doc. 65)

15. No appeal or motion for re-hearing was filed with respect to the Second Confirmation Order. (Plaintiff's Ex. 12)

16. On July 9, 2001 the Chapter 13 Trustee filed a Notice of Completion of the Chapter 13 Plan and the Court entered an Order Discharging Debtor after Completion of Chapter 13 Plan. (Plaintiff's Ex. 12) (Docs.71, 72)

17. On July 25, 2001, Defendant mailed a billing statement to Debtor. The billing statement indicated Debtor owed $4,042.93 for the 1994 and 1995 ad valorem taxes, of which $2046.59 amounted to interest. (Plaintiff's Ex. 9)

18. On August 22, 2001, Plaintiff commenced this adversary proceeding by filing a Complaint for Declaratory Judgment. (Plaintiff's Ex. 12) (Doc. 74) On March 5, 2002 the Court held a trial regarding the Complaint for Declaratory Judgment. (Adv.Doc.14) Defendant presented no evidence at the trial.

19. Plaintiff argues that any right title, interest, claim lien or demand of the Defendant with respect to the 1994 and 1994 ad valorem taxes has been satisfied, released, discharged or extinguished upon the entry of the Order Discharging Debtor after Completion of Chapter 13 Plan.

20. Defendant argues it was not provided for by Plaintiff's modified chapter 13 plan and its claim passed through bankruptcy. In support its argument, Defendant asserts its claim for the 1994 and 1995 ad valorem taxes is a secured claim pursuant to Fla.Stat.Ann. § 197.122(1) (West 2002) and that the initial and modified Chapter 13 plans provide that secured creditors were to retain their liens.

### CONCLUSIONS OF LAW

#### A. Proof of Claim

##### 1. Filing a Proof of Claim

A proof of claim is a written statement setting forth a creditor's claim. Fed. R.Bankr.P 3001 (2002). A proof of claim filed in accordance with the Federal Bankruptcy Rules of Procedure (Rule) shall constitute prima facie evidence of validity and amount of the claim. Fed.R.Bankr.P 3001(f) (2002).

■ Under 11 U.S.C. § 501(a) a creditor may file a proof of claim according to certain time restrictions outlined in Rule 3002(c). If the creditor does not file a proof of claim in a timely manner, then the debtor or the trustee may file a proof of such claim. 11 U.S.C. 501(c) (2002). The primary purpose of permitting the debtor or trustee to file a proof of claim is to protect the debtor if the creditor's claim is nondischargeable. *In re Nettles,* 251 B.R. 899, 902 (Bankr.M.D.Fla.2000).

■ Rule 3004 specifies when a proof of claim filed by the debtor and trustee is considered timely. As such, the debtor or trustee may file a proof of claim in the name of the creditor within 30 days after the expiration of the time for filing claims begins to apply to the creditor. However, the Bankruptcy Court has no authority to prohibit the filing of an untimely proof of claim. *In re Miranda,* 269 B.R. 737, 740 (Bankr.S.D.Tex.2001).

##### 2. Allowance and Disallowance of Claims

■ Under 11 U.S.C. § 502, a proof of claim filed pursuant to § 501 is allowed unless a party in interest objects. There is no corresponding deadline for objecting to a proof of claim. *Miranda,* 269 B.R. at 741 (citing Fed.R.Bankr.P. 3007 and Collier on Bankruptcy ¶ 502.02[3][e] (15th ed.1999)). When a party objects to an untimely proof of claim the bankruptcy court shall disallow that claim, except as permitted by paragraphs (1), (2), and (3) of § 726 or when filed by a governmental unit before 180 days after the order for relief. 11 U.S.C. § 502(b)(9) (2002). Because the bankruptcy court has no authority to prohibit the filing an untimely proof of claim, that claim is allowed unless a party in interest objects. *Miranda,* 269 B.R. at 740–41.

##### 3. Application in the Instant Case

■ Plaintiff filed two proof of claims on behalf of the Defendant. The proof of claims were filed four (4) years into Plaintiff's chapter 13 case and were untimely. The proof of claims dealt with Defendant's 1994 and 1995 claim for ad valorem taxes, which are generally nondischargeable. 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(B) (2002). The Defendant was mailed a copy of the notice of the proof of claims. However, neither the Defendant nor any other party objected to the proof of claims filed on Defendant's behalf. Therefore, the proof of claims filed on Defendant's behalf are

allowed and are presumptively valid in the amount and characterization of Defendant's claims.

### B. Modification and Confirmation of a Chapter 13 Plan

#### 1. Effect of Modification

Under 11 U.S.C. § 1329(b)(2), a modified plan becomes the plan unless, after notice and a hearing, such modification is disapproved. A modified plan is controlled by § 1327, which addresses the effects of confirmation. *Day v. Sys. & Services Technologies, Inc., (In re Day)*, 247 B.R. 898, 901 (Bankr.M.D.Ga.2000).

#### 2. Res Judicata / Binding Effect of Confirmation

Under 11 U.S.C. § 1327(a) the provisions of a confirmed plan are binding on the debtor and each creditor regardless of whether the creditor is provided for by the plan and regardless of whether the creditor accepts, rejects or objects to the plan. The Eleventh Circuit stated:

> The effect of plan confirmation is controlled by § 1327, which may provide a res judicata effect to the terms of a confirmed plan. This effect however is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing. Issues that were not mature for decision and could not be appropriately resolved in either the confirmation hearing or in the order confirming the plan are not barred.

*Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 948 (11th Cir.1995). This Court has found that a confirmed plan is binding on all parties even if its provisions are inconsistent with the Bankruptcy Code, unless confirmation is successfully appealed, revoked or otherwise set aside. *In re Stewart*, 247 B.R. 515, 521 (Bankr.M.D.Fla.

2000). The purpose of the binding effect of confirmation is to promote finality of the confirmation order, which is relied upon by the parties in the case. *See State of Fla., Dep't of Revenue v. Randolph (In re Randolph)*, 273 B.R. 914, 918 (Bankr.M.D.Fla. 2002).

#### 3. Effect of Confirmation on Property

Under 11 U.S.C. § 1327(b) the confirmation of a plan vests all property of the bankruptcy estate in the debtor, except as provided in the plan or confirmation order. Pursuant to § 1327(c) the property vesting in the debtor upon confirmation is free and clear of any interest of any creditor provided for by the plan.

Generally, a creditor holding of a lien on the debtor's assets may ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt. *Southtrust Bank of Ala. v. Thomas (In re Thomas)*, 883 F.2d 991, 996 (11th Cir. 1989). The Eleventh Circuit qualified this general rule and held "that § 1327(c) does not operate to extinguish a lien on property passing through bankruptcy *for which no proof of claim is filed." Id.* at, 998 (emphasis added). This Court found that a secured creditor need not file a proof of claim when a chapter 13 plan does not propose to modify a secured claim. *Stewart*, 247 B.R. at 520. However, if a chapter 13 plan modifies the amount of a secured claim, the holder of the claim will be bound by the terms of the confirmed plan. *Id.* Based on *Thomas* and *Stewart*, this Court finds that a holder of a secured claim is bound by a confirmed plan, which modifies the characterization of such claim in accordance with an allowed proof of claim.

To "'provide for' a creditor for purposes of 11 U.S.C. § 1327(c), the plan

must clearly and accurately characterize the creditor's claim throughout the plan and must give specific notice to the creditor if the claim is not fully protected.' " *In re Demarco*, 258 B.R. 30, 35 (Bankr. M.D.Fla.2000). Accordingly, the creditor must, at the very least, be mentioned by name or category in order to be able to identify its treatment under the plan. *Id.*

#### 4. Application in the Instant Case

 In this case Debtor filed proof of claims on Defendant's behalf. Defendant did not file an objection to the proof of claims and the claims were allowed. The Second Confirmation Order provided that the Plaintiff's chapter 13 plan was modified in accordance with the Modification Notice. The Modification Notice filed by the Plaintiff identified the Defendant by name and proposed to make disbursements in accordance with the allowed proof of claims filed on Defendant's behalf. Despite receiving notice that the modification would constitute a "full and complete payment of all [of Defendant's] claims," Defendant did not object to the modified plan. As a result, Defendant was "provided for" and bound by the terms of the modified plan. Therefore the property subject to the 1994 and 1995 ad valorem tax claims vested in the Plaintiff and was free and clear of Defendant's purported statutory security interest in the property.

#### C. Discharge of Debts

In general, 11 U.S.C. § 1328(a) provides that upon completion by the debtor or all payments under the plan, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under § 502 as soon as possible. Under § 1328 a debt is "provided for" when a plan makes a provision for, deals with, or even refers to a claim. *Rake v. Wade*, 508 U.S. 464, 474, 113 S.Ct. 2187,

124 L.Ed.2d 424 (1993). In this case the Second Confirmation Order provided that the Plaintiff's chapter 13 plan was modified in accordance with the Modification Notice. The Modification Notice identified the Defendant by name and proposed to make disbursements in accordance with the proof of claims. filed on Defendant's behalf. Therefore, Defendant's debt was "provided for" and was discharged by virtue of the Order Discharging Debtor after Completion of Chapter 13 Plan dated July 9, 2001.

### CONCLUSION

The Court finds that the Defendant is bound by the terms of Plaintiff's modified Chapter 13 plan. As such, any right, title, interest, claim, lien or demand of the Defendant with respect to the 1994 and 1995 ad valorem taxes has been discharged upon entry of the Order Discharging Debtor after Completion of Chapter 13 Plan dated July 9, 2001. A separate judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.