**In re Veda Danita STUKES, Debtor.**

**No. 06–00994–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 5, 2006.

Albert H. Mickler, Jacksonville, FL, for Debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Debtor's Objection to Claim Three (3) of ABN Amro Mortgage Group, Inc. After a hearing held on October 11, 2006, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On April 7, 2006, Veda Danita Stukes ("Debtor") filed for Chapter 13 relief under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

2. Debtor listed ABN Amro Mortgage Group, Inc., ("ABN Amro") on Schedule D of her bankruptcy petition as a secured creditor with a first mortgage lien on Debtor's principal residence.

3. On April 10, 2006, Debtor filed a Chapter 13 plan which provided for the regular monthly contract payment of $725.82 to ABN Amro. Additionally, Debtor agreed to pay an arrearage of $13,560.32 to ABN Amro, beginning in month ten (10) and paid at a rate of $276.00 per month until satisfied.

4. On April 28, 2006, ABN Amro filed secured Claim Three (3) in the amount of $62,513.95, with an arrearage included in the claim in the amount of $14,720.66.

5. At the continued confirmation hearing held on June 15, 2006, Debtor amended her Chapter 13 plan to increase the arrearage payment from $13,560.32 to $14,720.66, to account for higher foreclosure fees and prior bankruptcy attorney's fees, as asserted by ABN Amro in its proof of claim.

6. The Court orally confirmed Debtor's plan at the continued confirmation hearing with an arrearage amount of $14,720.66, and entered the Order Confirming Chapter 13 Plan (the "Confirmation Order") on July 17, 2006.

7. On August 14, 2006, one week after the claims bar date, Debtor filed an objection asserting that secured Claim Three (3) of ABN Amro included excessive foreclosure fees and excessive prior bankruptcy attorney's fees. Additionally, Debtor claimed that the proper amount of the arrearage was $13,870.66, not $14,720.66. Debtor asserted that foreclosure fees and costs should be $1,000.00 and prior bankruptcy attorney's fees, $500.00. In contrast, ABN Amro claims such fees should be $1,200.00 and $1,150.00, respectively.

8. On August 30, 2006, ABN Amro responded to Debtor's Objection to secured Claim Three (3) and asserted that the objection was untimely because it was filed post-confirmation.

9. On October 11, 2006, the Court held a hearing regarding Debtor's Objection to secured Claim Three (3) of ABN Amro. Debtor offered the expert testimony of attorney Candyce King ("Ms.King"), with respect to the appropriate amount that should be charged for foreclosure fees and costs and prior bankruptcy attorney's fees. Ms. King testified that, after a review of recent state court foreclosure filings, the appropriate amount to charge Debtor for such services was $1,000.00 for foreclosure fees and costs, and $500.00 for prior bankruptcy attorney's fees. ABN Amro presented no evidence regarding the appropriate amount for such fees/costs and failed to rebut the testimony of Ms. King.

## CONCLUSIONS OF LAW

The issue before the Court for its determination is whether pursuant to 11 U.S.C. § 1327(a) Debtor's Objection to ABN Amro's secured Claim Three (3) should be considered untimely, due to the effect of the terms of the confirmed plan. If the Court finds that Debtor's objection is not untimely, the Court must then consider the merits of Debtor's objection.

## A. Effect of Plan Confirmation in Chapter 13 Bankruptcy Cases post-BAPCPA

■ 11 U.S.C. Section 1327 sets forth the effect of confirmation of a Chapter 13 Plan.

### 11 U.S.C. § 1327(a)

11 U.S.C. § 1327 states: (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

11 U.S.C. Section 1324 explains when the Court should hold the confirmation hearing in a Chapter 13 bankruptcy case.

### 11 U.S.C. § 1324(a) and (b)

11 U.S.C. § 1324 provides: (a) Except as provided in subsection (b) and after notice, the court shall hold a hearing on confirmation of the plan. A party in interest may object to confirmation of the plan. (b) The hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date.

11 U.S.C. § 1324(a) and (b).

Prior to the enactment of BAPCPA, confirmation hearings were held after the pas-

sage of the claims bar date and the Court would wait to confirm a debtor's plan until all outstanding objections were resolved. However, due to the time limit imposed under Section 1324(b), the Court can no longer continue confirmation hearings to allow objections to be dealt with prior to confirmation and in many situations, such as the instant case, the plan is confirmed prior to the claims bar date. Thus, Debtor asserts that even if she had objected to ABN Amro's claim prior to confirmation, the Court could not have heard her objection before the confirmation hearing as there would not have been sufficient time to allow Debtor to respond to ABN Amro's claim and for the Court to notice such hearing. Consequently, Debtor argues that she did not have a viable opportunity to object and have the Court hear her objection prior to confirmation.

In opposition, ABN Amro argues that the effect of confirming the Chapter 13 plan was to bind Debtor and ABN Amro to the terms of the plan. ABN Amro asserts that by failing to object to their claim prior to confirmation, Debtor waived her right to object post-confirmation, pursuant to 11 U.S.C. § 1327(a). Additionally, ABN Amro asserts that when Debtor amended her Chapter 13 plan at confirmation to conform to the arrearage calculation of $14,720.66, she waived her right to subsequently dispute the amount of the arrearage.

■ This Court has previously recognized that there are certain situations in which there will be no res judicata effect as to issues that could not be appropriately resolved at the confirmation hearing. *In re Tepper*, 279 B.R. 859, 864 (Bankr. M.D.Fla.2002). Further, the Eleventh Circuit has explained the effect of 11 U.S.C. § 1327 by stating that, "[t]he effect of plan confirmation is controlled by § 1327, which may provide a res judicata

effect to the terms of a confirmed plan. This effect however is premised on the notion that the bankruptcy court has addressed in the confirmed plan and order only those issues that are properly within the scope of the confirmation hearing. Issues that were not mature for decision and could not be appropriately resolved in either the confirmation hearing or in the order confirming the plan are not barred." *In re Tepper*, 279 B.R. at 864, *quoting Russo v. Seidler (In re Siedler)*, 44 F.3d 945, 948 (11th Cir.1995).

The Court agrees with the arguments set forth by Debtor. The Eleventh Circuit, as well as this Court, has clearly recognized that there are certain situations in which § 1327 does not provide a res judicata effect as to the terms of a confirmed plan. *In re Tepper*, 279 B.R. at 864, *quoting Russo v. Seidler (In re Siedler)*, 44 F.3d 945, 948 (11th Cir.1995). In the instant case, due to this Court's interpretation of § 1324(b), Debtor's objection could not have been responded to, noticed and heard by the Court prior to confirmation. Accordingly, the Court finds that Debtor's objection to ABN Amro's claim is not barred by 11 U.S.C. § 1327(a).

### B. Determination of Foreclosure Fees/ Costs and Prior Bankruptcy Attorney's Fees

■ As the Court has determined that pursuant to § 1327(a) it is proper to consider Debtor's objection, the Court will now discuss the merits of such objection. At the hearing, Debtor's witness, Ms. King, presented expert testimony regarding what constitutes a reasonable amount for foreclosure fees and costs and prior bankruptcy attorney's fees. Ms. King testified that, based upon her review of recent state court foreclosure filings, a reasonable amount for foreclosure fees and costs would be $1,000.00 and a reasonable

amount for prior bankruptcy attorney's fees would be $500.00. Conversely, ABN Amro failed to present any evidence as to the reasonableness of such fees included in its proof of claim. The Court considers the testimony of Ms. King to be credible and finds that $1,500.00 is a reasonable amount for the foreclosure fees and costs, and prior bankruptcy attorney's fees. Thus, the allowable amount of the arrearage portion of Claim Three (3) owed to ABN Amro is $13,870.66.

### CONCLUSION

Based upon the above, Debtor's Objection to Claim Three (3) of ABN Amro Mortgage Group, Inc., is SUSTAINED. The Court will enter a separate order that is consistent with these Findings of Fact and Conclusions of Law.

**ORDERED.**