# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 07-6066

_____

In re:                              *
                                    *
James Russell,                      *
                                    *
          Debtor.                   *
                                    *
James Russell,                      *
                                    *   Appeal from the United States
          Debtor-Appellant,         *   Bankruptcy Court for the Eastern
                                    *   District of Missouri
          v.                        *
                                    *
Transport Funding LLC;              *
                                    *
          Trustee-Appellee,         *
                                    *

_____

Submitted: March 19, 2008
Filed: April 9, 2008

_____

Before KRESSEL, FEDERMAN and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's order overruling the Debtor's post-confirmation objection to the claim of a secured creditor. An order overruling an objection to a claim is a final order over which we have jurisdiction. 28 U.S.C. §

158(a)(1). For the reasons stated below, we affirm the decision of the bankruptcy court.[1]

## I. STANDARD OF REVIEW

The facts in this appeal are undisputed. Therefore, our review is limited to the bankruptcy court's application of law to those facts and is *de novo*.[2]

## II. BACKGROUND

On July 13, 2000, James M. Russell, the Debtor, and Delvert E. Russell executed a "Security Agreement and Conditional Sale Contract" ("Contract") with Transport Funding, L.L.C. ("Transport") for the purchase of a 1997 Peterbilt road tractor. The Contract provided for a cash sales price of $55,150.00 and a total "Time Sale Price" of $78,139.36. A $5,500 down payment was made, and the balance of $72,639.36 was secured by a lien on the Peterbilt in favor of Transport. Under the Contract, the Debtor was to pay Transport $1,513.32 a month for 48 months.

On January 8, 2003, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code and filed a Chapter 13 plan providing for payment to Transport as a secured claim. On January 29, 2003, Transport filed a proof of claim for $33,919.79, with an interest rate of 19.24%. Transport listed the claim as cosigned and secured and valued the Peterbilt at $32,227.78.

On January 24, 2003, Transport objected to the confirmation of the Debtor's Chapter 13 plan, contending that the plan lacked feasibility because the proposed plan payment was insufficient to pay Transport the amount stated on its proof of claim.

---

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

[2] *Nelson v. Mickelson* (*In re Pfleghaar*), 215 B.R. 394, 395 (B.A.P. 8th Cir. 1997)

The Debtor filed several amended plans, and on October 29, 2003, the court confirmed the Debtor's Sixth Amended Plan, which provided for monthly payments of $1,513.00 for 60 months. It listed a debt of $34,262.00 to Transport and provided that it was to be paid as a secured debt with 19.24% interest, pro rata with other secured debts.

Eighteen months later, on April 22, 2005, the Trustee filed a "Notice of Lack of Feasibility" of the Sixth Amended Plan based on the plan's failure to pay all of the claims in full or to provide a meaningful amount to unsecured creditors. More than two years later, on June 22, 2007, the Debtor filed an objection to Transport's claim. In his brief filed in the bankruptcy court, the Debtor argued that the claim should be allowed in the amount of $22,695.00 with 19.24% interest or, alternatively, in the amount of $36,321.55, without interest, this being the amount that the Debtor contended was due on the petition date.[3]

Ruling on the matter on briefs submitted by the parties, the bankruptcy court entered an order on October 15, 2007, overruling the Debtor's objection and allowing Transport's claim as filed as a secured claim in the amount of $33,919.79 with 19.24% interest. The Debtor timely appealed.

## III. DISCUSSION

The Debtor in this appeal argues that the bankruptcy court erred because it allowed post-petition interest on Transport's claim and that this resulted in Transport receiving more than it was entitled to under the original contract. According to the Debtor, the original contract was a "retail time contract" that did not provide for the payment of interest.

---

[3] It is not at all clear on the record before us how the Debtor or his counsel arrived at the $22,695.00 amount.

3

The bankruptcy court did not provide any explanation for overruling the Debtor's objection. However, we may affirm the bankruptcy court's decision on any grounds supported by the record,[4] and here the record clearly supports a finding that the Debtor's objection should be overruled on grounds that the key terms of the original contract were amended by the terms of the Debtor's Sixth Amended Plan and that those terms are binding on the Debtor under 11 U.S.C. § 1327.

The binding effect of a confirmed Chapter 13 plan is a basic tenet of bankruptcy law. Section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."[5] An unappealed, confirmed plan is *res judicata*, and its terms are not subject to collateral attack.[6] A debtor who has an opportunity to object to a creditor's claim prior to confirmation but fails to do so waives the right to object to the claim and is bound by the plan.[7]

Here, the Debtor had ample time to object to Transport's claim prior to confirmation of the Debtor's Plan, but he failed to do so. Transport filed its claim on January 29, 2003. The Debtor proposed several amended plans, most or all of which

---

[4] *See In re Porter*, 375 B.R. 822, 828 (B.A.P. 8th Cir. 2007).

[5] 11 U.S.C. § 1327.

[6] *See In re Simpson*, 240 B.R. 559, 561 (B.A.P. 8th Cir. 1999); 8 *Collier on Bankruptcy* ¶ 1327.02 [1] (Alan N. Resnick & Henry J. Sommer, et al. eds., 15th ed. rev. 1993).

[7] *See, e.g.*, *In re Cushion*, 349 B.R. 919, 921 (Bankr. M.D. Fla. 2006) (overruling debtor's objection to creditor's claim where debtor had an opportunity to object prior to confirmation); *In re Stukes*, 357 B.R. 879, 882 (Bankr. M.D. Fla. 2006) (sustaining post-confirmation objection to claim where debtor did not have an opportunity to object to claim prior to confirmation).

drew objections from Transport. Finally, on July 25, 2003, the Debtor proposed his Sixth Amended Plan that was ultimately confirmed in October 2003. The provision in the Debtor's Sixth Amended Plan to pay Transport $32,269.78 with 19.24% interest appears to have been included for the specific purpose of satisfying Transport's repeated objections to the Debtor's earlier plans.[8] The Debtor did not object to Transport's claim until June 2007, almost four years after confirmation of the Sixth Amended plan, and after the Trustee had made $40,687.12 in payments on the claim.

In summary, once the Debtor's Chapter 13 plan was confirmed, the Debtor was bound by it, and he cannot collaterally attack its terms now that they are no longer advantageous or convenient to him. The Debtor's objection to Transport's claim constitutes an impermissible attack on the confirmation order, and the bankruptcy court correctly overruled the objection.[9]

---

[8] The Debtor ignores the fact that his plan extended the repayment period on the Contract by about 42 months. The Contract matured by its terms in June 2004. Under the Debtor's 60-month plan, the debt would not be paid in full until December 2007 at least, and perhaps later. The Debtor's plan correctly – and clearly – provided that the balance owed Transport would bear interest. 11 U.S.C. § 1325.

[9] Although not specifically addressed by the parties, the Debtor's objection to Transport's claim would also fail if it was couched in terms of a motion to reconsider Transport's claim under 11 U.S.C. § 502(j). Section 502(j) permits reconsideration of a claim for cause. Factors considered in determining whether there is cause to reconsider a claim include: the extent and reasonableness in the delay, the prejudice to any party in interest, the effect on efficient court administration, and the moving party's good faith. *See Kirwan v. Vanderwerf* (*In re Kirwan*), 164 F.3d 1175, 1177-1178 (8th Cir. 1999). In this case, the unreasonable delay in bringing this objection – over three and a half years after confirmation of the plan – and the debtor's lack of good faith in objecting to the very treatment of Transport's claim the Debtor proposed preclude a finding of cause under § 502(j).

## IV. CONCLUSION

For the reasons stated above, we affirm the decision of the bankruptcy court.

---