[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14189
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80578-KMW,
BKCY No. 07-16853-BKC-PGH

In Re: MELANIE H. CABOT,

　　　　Debtor.
_____

MICHAEL CABOT,

　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

versus

MICHAEL R. BAKST,

　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 22, 2013)

Before TJOFLAT, PRYOR and BLACK Circuit Judges.

PER CURIAM:

Michael Cabot, proceeding *pro se*, appeals from the district court's dismissal of his bankruptcy appeal. On June 12, 2012, acting *sua sponte*, the district court dismissed Cabot's appeal because he had not timely filed his initial brief. Cabot filed his brief that same day. Cabot later moved for reconsideration, arguing that he had believed his appeal was docketed on May 29, 2012, because that is the date the Bankruptcy Notice of Entry was entered on the docket. The district court denied Cabot's motion for reconsideration, explaining that it was apparent from the record that Cabot's appeal was docketed on May 25, 2012, and that Cabot had failed to show excusable neglect for his belated filing. The district court also reviewed Cabot's brief, and concluded the brief was "patently meritless" because "it fail[ed] to sufficiently provide the Court with a basis to reverse or modify the decision of the bankruptcy court." On appeal, Cabot argues the district court abused its discretion in denying his motion for reconsideration of the order dismissing his appeal. Cabot also raises arguments related to his separate appeal of the bankruptcy court's order striking his designated issues on appeal to the district court.

Any error that the district court may have made in dismissing Cabot's appeal for failure to comply with Bankruptcy Rule 8009(a)(1)'s 14-day deadline was

2

harmless because the district court reviewed Cabot's brief when it denied his motion for reconsideration. *See* Fed. R. Bankr. P. 9005 (incorporating Fed. R. Civ. P. 61's harmless error standard). The district court did not err in determining that Cabot's brief was without merit because he failed to raise any arguments on appeal in the district court. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that although pleadings filed by a *pro se* litigant are construed liberally, a *pro se* appellant abandons any issues not meaningfully addressed in the initial brief). Rather, Cabot's brief contained one short paragraph of argument with no citations to the record or any authority, in which he stated broadly that the bankruptcy court had attempted to prevent his appeal and acted erroneously in striking his designated issues on appeal. Moreover, Cabot's argument concerning the bankruptcy court's order striking his designated issues on appeal was not properly before the district court and is not properly before us because he has appealed that order in a separate proceeding. *See id.* (noting that where an appellant notices the appeal of a particular judgment, the reviewing court lacks jurisdiction to review other judgments or issues not expressly referenced or impliedly intended for appeal). Accordingly, we affirm the district court's dismissal of Cabot's appeal.

**AFFIRMED.**