[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16241
Non-Argument Calendar
_____

D.C. Docket Nos. 9:12-cv-80707-KMW; 07-16853-BKC-PGH

In Re: MELANIE H. CABOT,

Debtor.
_____

MICHAEL CABOT,

Plaintiff-Appellant,

versus

MICHAEL R. BAKST,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2013)

Before DUBINA, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Michael Cabot, proceeding pro se, appeals the district court's dismissal of his bankruptcy appeal as moot. Cabot is a creditor in the underlying bankruptcy proceeding, and he disputes fees and compensation awarded to Appellee Michael Bakst, the bankruptcy trustee. Cabot has appealed twice from bankruptcy court orders. This appeal concerns the bankruptcy court's order striking issues from Cabot's first appeal. After the district court dismissed Cabot's first appeal, Bakst filed a motion to dismiss Cabot's second appeal as moot. The district court granted Bakst's motion. We affirm.

We review de novo determinations of law made by the bankruptcy court or the district court. *In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992). "A district court's decision that a question is moot is subject to plenary review on appeal." *In re Seidler*, 44 F.3d 945, 947 (11th Cir. 1995). "Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief." *In re Club Assocs.*, 956 F.2d at 1069.

To determine whether Cabot can obtain effective relief if he prevails on this appeal, it is necessary to retrace the procedural history of Cabot's claims. On January 11, 2012, the bankruptcy court held an evidentiary hearing to entertain objections to the Bakst's fee requests. Cabot was aware of this hearing but did not

2

present evidence or raise objections to Bakst's fee requests. On January 25, 2012, the bankruptcy court issued an order approving the requested fees. On February 7, 2012, trustee Bakst served Cabot with a final fee report, which largely restated the January 25 order. Cabot erroneously believed that he had the right to raise new objections in response to the trustee's final report. The report announced a twenty-one day deadline to file objections,[1] and Cabot accordingly raised his substantive objections for the first time on February 28, 2012.

Having already awarded fees to Bakst in its January 25 order, the bankruptcy court treated Cabot's objections as a Rule 59(e) motion to amend that order. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," however, and Cabot's filing was therefore untimely. Fed. R. Civ. P. 59(e). The bankruptcy court then construed Cabot's objections as a Rule 60(b) motion for relief from a final order. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final . . . order . . . for . . . [1] excusable neglect."). The bankruptcy court denied Cabot's 60(b) motion, refusing to convert Rule 60(b) into a substitute mechanism for timely objections or proper appeals.

---

[1] The report invited objections to any "fee application that has not already been approved." Clearly the fees granted in the January 25 order had already been approved, making the twenty-one day deadline inapplicable to Cabot's substantive objections.

Cabot then designated two broad issues for appeal to the district court: (1) the bankruptcy court's denial of his 60(b) motion; and (2) the same substantive objections the bankruptcy court determined were untimely.  In response, Bakst moved to strike the substantive issues, and the bankruptcy court granted Bakst's motion.  The first appeal therefore proceeded on the 60(b) issue alone.  While the first appeal was pending in district court, Cabot separately appealed the bankruptcy court's decision to strike his substantive claims.  This second appeal proceeded separately from the first.

Acting sua sponte, the district court dismissed Cabot's first appeal because he did not timely file his initial brief.  In response, Cabot filed his brief and a motion for reconsideration.  The district court denied the motion, and this court affirmed. *In re Cabot*, No. 12-14189, 2013 WL 3780159, at *1 (11th Cir. July 22, 2013) (per curiam).  After Cabot's first appeal was dismissed, the district court saw no other way for Cabot to prevail in the underlying fee dispute and accordingly dismissed his second appeal as moot.

Cabot argues that his second appeal is not moot because prevailing on this appeal would undermine the basis for dismissal of his first appeal.  His first appeal was dismissed in part because:

> Any error that the district court may have made in dismissing Cabot's appeal for failure to comply with [the filing] deadline was harmless because the district court reviewed Cabot's brief when it denied his motion for reconsideration.  The district court did not err in

4

> determining that Cabot's brief was without merit because he failed to raise any arguments on appeal in the district court.

*In re Cabot*, 2013 WL 3780159, at \*1 (citations omitted). Cabot asserts that he did not raise any arguments on appeal because those arguments had been stricken by the bankruptcy court, and he feared sanctions if he briefed them. Had his substantive claims not been stricken, Cabot claims, the errors alleged in his first appeal would not have appeared harmless. By correcting the alleged error in striking issues from his first appeal, the resolution of the second appeal could undermine the outcome of the first appeal. And if the first appeal is undermined, we would be forced to revisit the issues presented therein. In short, Cabot claims that nothing more than circular logic renders his second appeal moot.

Cabot's argument fails, however, because his first appeal would have been dismissed by the district court even with briefing on the stricken substantive claims. To be sure, the district court might have been more inclined to forgive Cabot for untimely filing his brief if it appeared that his claims had merit, but the result and consequences of the first appeal would not have changed. By February 28, 2012, when Cabot raised his substantive objections to the bankruptcy court's January 25 order for the first time, he had exceeded the time limits for appealing that order to the district court. *See* Fed. R. Bankr. P. 8002. District courts lack jurisdiction to hear untimely appeals from bankruptcy court orders. *See In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000). Therefore, even if the bankruptcy

5

court erred in striking Cabot's substantive claims, the district court would have been compelled to dismiss those claims for lack of jurisdiction.

Given that the district court lacked jurisdiction to hear Cabot's substantive claims on appeal, Cabot could only have prevailed by convincing the district court that it must reverse the bankruptcy court's denial of his 60(b) motion.  He claims that the district court would have been more likely to do so if it had been fully briefed on the merits of his case, including the issues that he claims were erroneously stricken.  Here, Cabot is incorrect.  Even if the district court had been fully briefed on Cabot's stricken substantive claims, it would have been compelled to affirm the bankruptcy court's denial of his 60(b) motion.  A district court reviews a bankruptcy court's denial of a Rule 60(b) motion for abuse of discretion. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Cabot could not have "prevail[ed] simply because the [bankruptcy court] properly could have vacated its order." *Id.* (second alteration in original) (internal quotation marks omitted).  "Instead, to show an abuse of discretion, the appellant must demonstrate a justification so compelling that the [lower] court was required to vacate its order." *Id.* (alteration in original) (internal quotation marks omitted).

The only justification Cabot arguably raised for failing to raise his substantive claims at the appropriate time was excusable neglect under Rule 60(b)(1).  "To establish . . . excusable neglect . . . [appellant] must show that: (1) it

6

had a meritorious [claim] that might have affected the outcome; (2) granting the motion would not result in prejudice to [appellee]; and (3) a good reason existed for failing to [timely file substantive objections]." *Id.* (internal quotation marks omitted).  At a minimum, Cabot failed to satisfy the third element of his 60(b) claim.  This conclusion is not affected in any way by the merits—or lack thereof—of the untimely filed objections.  As the bankruptcy court noted, Cabot could have and should have presented his objections at the January 11, 2012 evidentiary hearing.  Cabot was represented by counsel at that time, and he knew about the hearing.  Yet, he did not appear.  Then, proceeding pro se, Cabot failed to challenge the order or appeal within clearly established deadlines.  Though pleadings filed by pro se litigants are construed liberally, "[l]iberal construction does not mean liberal deadlines." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) (internal quotation marks omitted).

Moreover, the bankruptcy court was fully aware of Cabot's substantive objections when it concluded that there was no good reason for Cabot's failure to timely file.  As the bankruptcy court noted, Rule 60(b) motions are not a substitute for timely filed substantive objections and appeals.  Therefore, the bankruptcy court was well within its discretion to deny Cabot's 60(b) motion, and the district court would have had no grounds to reverse even if it had been fully briefed on Cabot's substantive objections.

When Cabot's first appeal was dismissed, his only avenue to challenge Bakst's fees was eliminated. It is now clear that even if the bankruptcy court had not stricken Cabot's substantive claims, the outcome of the first appeal would not have changed. Thus, nothing we could decide in this case would have any effect on the bankruptcy court order of January 25, 2012 awarding the disputed fees to Bakst. Because that order is now unassailable, the district court correctly concluded that it could not provide effective judicial relief by correcting any error alleged in Cabot's second appeal. Consequently, the district court properly dismissed the appeal as moot. *See In re Club Assocs.*, 956 F.2d at 1069 ("Central to a finding of mootness is a determination by an appellate court that it cannot grant effective judicial relief.").

Cabot also argues that his second appeal from the bankruptcy court is not moot because, at the time he filed his initial brief in this appeal, we had not yet issued a decision in his first appeal. Cabot's argument is unavailing. In *In re Cabot*, 2013 WL 3780159, at *1, we affirmed the district court's dismissal of Cabot's first appeal.[2]

Accordingly, we affirm the district court's dismissal of Cabot's appeal.

**AFFIRMED.**

---

[2] In light of *In re Cabot*, 2013 WL 3780159, Bakst filed a motion with this court to dismiss Cabot's appeal from the district court's decision as moot. There is still a live controversy as to whether the district court properly dismissed Cabot's appeal, and we could grant effective relief. Therefore, the appeal before this court is not moot. *See In re Club Assocs.*, 956 F.2d at 1069, 1071 (11th Cir. 1992). Accordingly, Bakst's motion to dismiss is **Denied.**